FALK CORPORATION and another, Appellants, vs. INDUS-TRIAL COMMISSION OF WISCONSIN and others, Re-spondents.

*September 17—October 14, 1930.*

For the appellants there was a brief by *Brown, Pradt & Genrich,* and oral argument by *L. A. Pradt, Jr.,* all of Wausau.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Zurich General Accident and Liability Insurance Company there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann*.

ROSENBERRY, C. J.  On behalf of the plaintiffs it is urged that the evidence establishes without dispute that the applicant was totally disabled prior to October 8, 1926, the date on which the commission found the applicant was permanently disabled and that such permanent disability accrued as early as July 1, 1926, and that the present insurance carrier is therefore not liable.  It may be conceded that the claimant was at least partially disabled as early as July 1, 1926.  There is medical testimony which tends to .support the claim of plaintiffs.  The date July 1, 1926, becomes significant because on that day the Zurich General Accident and Liability Insurance Company ceased to be the insurance carrier and the plaintiff Employers Mutual Liability Insurance Company became the insurance carrier.  It is contended by the Employers Mutual Liability Insurance Company that if it can establish the fact that permanent disability accrued prior to July 1, 1926, it is not liable under its policy.  It appears from the evidence that the claimant continued working constantly with a few days off from time to time; that from the month of December, 1925, he stayed home five, six, or seven days until March, 1926; in March, 1926, he was out two weeks and thereafter continued working until December 8, 1926, except for three days out in April, one day in August, three days in September, four days in October, fourteen in November, and five in December, the last day upon which he performed labor being December 8, 1926.  Much medical testimony was taken.  It may well be true that from a medical standpoint it would have been in .the interest of the claimant's health had he ceased working prior to July 1, 1926.  On the other hand, the fact that he continued to perform services thereafter in substantially the same way that he had prior

thereto is some evidence that he was not totally permanently disabled. Within the established rule it must be held that there is sufficient evidence to sustain the finding of the commission.

The plaintiffs seek to distinguish this case from *Employers Mut. L. Ins. Co. v. McCormick,* 195 Wis. 410, 217 N. W. 738, and other cases in which it was held that the date on which the employee is disabled from rendering further services shall be considered as the date that determines liability. While counsel for plaintiffs present a lawyerlike argument it involves a re-examination and a reconsideration of the very questions that were argued in the *McCormick Case.* We have considered the arguments of counsel and see no reason why the rule established should not be adhered to. The difficulties which inhere in situations of this kind were fully pointed out and considered in prior cases. While the result in a particular case may seem unjust and inequitable, it is one which follows from the nature of the transaction and the character of the liability which the insurance carrier insures against. A fire insurance company may carry fire insurance on certain premises for thirty years without loss. The insurance carrier may be changed and a fire occur immediately, but it is not considered that any injustice or inequity results because the fire insurance carriers apply to their business the law of averages. We see no reason why the same principle does not apply to insurance carriers in compensation cases where the insurance carrier insures the employer against his liability for accident and for disabilities which culminate during the period covered by the policy. The fact that the disabilities which culminate during the period covered by the policy of insurance may have begun, as they most generally do, prior to the date of the policy, does not affect the situation.

*By the Court.*—Judgment affirmed.