HOLEPROOF HOSIERY CO. *v.* WILKINS.

*(Nashville,* December Term, 1952.)

Opinion filed February 6, 1953.

A. A. KELLY, of South Pittsburg, for appellant.

S. P. RAULSTON, of Jasper, for appellee.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is a workman's compensation case in which the petitioner, Edith Wilkins, suffered an injury to her wrist. The trial judge found the facts as follows:

"Petitioner files her claim for total and permanent disability arising as a consequence of an occupational disease known as tenosynovitis which is compensable under the law.

\* \* \* \* \* \*

"All the proof, both lay and medical, for both Petitioner and the Defendant, show that the disability is and was confined to the hand and that no other part or function of the body was thereby affected. The disease is one confined to the wrist, is not usually difficult of treatment by non-use, and, in stubborn cases, is relieved by a simple operation. This disability is confined to the hand, a specific member.

"There was no proof as to the percentage of disability to this member."

The trial judge, having an opportunity to examine the injured hand, and, considering all the evidence, found that "indulging in liberality to the petitioner, the most that could be said is a fifty per cent disability as to this member." The petitioner was accordingly awarded compensation for a period of 75 weeks on the basis of 60 per cent of her weekly wage of $20 per week, or $12

per week, making a total award of $900, and the costs of the case.

The defendant filed an answer admitting all the material facts as found by the trial judge; the sole defense being the Statute of Limitations as provided in Chapter 139, Public Acts of 1947, page 540, Code Section 6852(d), which reads as follows:

"The right to compensation for occupational disease shall be forever barred unless suit therefor is commenced within one year after the beginning of incapacity for work resulting from an occupational disease, and if death results from the occupational disease, unless a suit therefor be commenced within one year thereafter; provided, however, that if upon the date of the death of the employee the employee's claim has become barred, the claim of his dependents shall likewise be barred, and in such case the claim shall be barred whether or not the employer gives the notice required by subsection (2) of Section 6884."

The merits of the case at bar turn on when the statute begins to run against the petitioner. We are thus presented with the issue as to the date of the incapacity for work resulting from the occupational disease of tenosynovitis. The trial judge entertained the view that petitioner's incapacity was within less than one year before bringing suit. It is the defendant's contention that the statute was tolled as of January 28, 1950, the day she quit work. Summons was issued on May 2, 1951, and served on the same day.

Our Workmen's Compensation Act, and similar statutes in other States, contemplate awarding compensation for injuries resulting in a disability to the employee to

the extent that he is unable to continue in his employment; it may be temporary and may be a total permanent injury. Chapter 139 of the Acts of 1947 amends a number of sections of the official code. It strikes out subsection (d) of 6852 and provides that " 'Injury' and 'personal injury' " shall mean any injury by accident arising out of and resulting from certain specified occupational diseases. That part of the Act (quoted in this opinion) which undertakes to provide a Statute of Limitations applicable to suits for such injuries provides that (1) such suits are forever barred unless commenced within one year of the beginning of "incapacity for work" and (2) if death results, then "within one year thereafter". The statute is not tolled as of the date of the commencing of the disease, for that would be impossible to determine with any degree of accuracy, but is tolled at the beginning of "incapacity for work". In case of total and permanent injury resulting in death the tolling is postponed. In other words it is tolled a year after death. The incongruity of this section of the Act, which provides for a tolling of the statute in cases of temporary disability and permanent disability resulting in death, is clear and unmistakable. Surely the Legislature did not intend to burden the injured employee with the duty of proving when a compensable injury "commenced" for in many cases no one could say when his right of action actually accrued, i. e., his "incapacity for work".

Now in all other cases of accidental injury the statute begins to run as of the date of the injury. Section 6874 of the official Code provides:

"The right to compensation under this chapter shall be forever barred, unless within one year after the accident resulting in injury or death occurred

the notice required by the preceding section is given the employer and a claim for compensation under the provisions of this chapter is filed with the tribunal having jurisdiction to hear and determine the matter.''

The foregoing section is amended by Section 4 of the Acts of 1947, Chapter 139, as follows:

*"Be it further enacted,* That Section 6874 of the Code of Tennessee be amended by changing the period at the end thereof to a semi-colon and inserting the following:

'' 'Provided that if within said one-year period voluntary payments of compensation are paid to the injured person or his dependents, an action to recover any unpaid portion of the compensation, payable under this Act, may be instituted within one year from the time the employer shall cease making such payments, except in those cases provided for by Section 6891 of the Code of Tennessee.' ''

In the amendment to Code Section 6874, quoted above, the Legislature excepted only cases provided for in Code Section 6891, that is settlements of compensation by agreement of the parties, and awards ''made by the court''. Accidental injuries resulting from occupational diseases were not excepted.

Averring to the extent of petitioner's claim for compensation, the petitioner is claiming the right to have compensation as for total and permanent disability. Or in the alternative that ''the defendant is indebted to her (if temporarily disabled) for compensation not exceeding 300 weeks, less credit for payments made.'' It thus appears that the action is to recover an unpaid portion of the compensation due her which is payable under the

Act. The defendant recognizing his liability paid compensation until September 9, 1950. Suit was thereafter instituted on May 2, 1951, to recover for other payments due and for a period not exceeding 300 weeks. In the light of the foregoing undisputed facts, we hold that the amendment to Code Section 6874 by the Acts of 1947 is applicable and that the trial judge was correct in his ruling that the statute did not bar petitioner's action until one year after the last payment was made. Consideration of our compensation act and amendments thereto compels this conclusion.

The case of *Stephens* v. *American Mut. Liability Ins. Co.*, 188 Tenn. 560, 221 S. W. (2d) 803, 804, has no application to the case at bar. There the plea of the statute, Code Section 6884, was sustained by the trial judge, but petitioner was allowed to recover compensation of 40 per cent of 150 weeks, "less the fifty-five weeks already paid, at the rate of $12.13 per week, the decree reciting that defendants agreed in open court to waive the statute of limitations to that extent." Moreover it was not a case of an injury resulting from an occupational disease. The defendants did not invoke the statute, Chapter 139, Public Acts of 1947; and it could not apply because Mrs. Stephens "insisted upon being paid for total disability to her right hand rather than a partial disability." From a factual point of view the case is wholly different from the one now before us.

The assignments of error are overruled, and the judgment of the trial court is affirmed. The case is remanded to the circuit court for satisfaction of the award and further orders, if necessary.