TENNESSEE PRODUCTS & CHEMICAL CORPORATION,
Plaintiff in Error,

*v.*

FREDELL REEVES, Defendant in Error.

415 S.W.2d 118.

(*Nashville,* December Term, 1966.)

Opinion filed April 20, 1967.

A. ALLAN KELLY, of counsel, KELLY & CAMERON, South Pittsburg, for plaintiff in error.

WILLIAM M. ABLES, JR., South Pittsburg, for defendant in error.

MR. JUSTICE DYER delivered the opinion of the Court.

This case presents the issue of determining the beginning date of the one year statute of limitations in Workmen's Compensation Cases involving occupational diseases.

T.C.A. Sec. 50-1108 provides as follows:

The right to compensation for occupational disease shall be forever barred unless suit therefor is commenced within one (1) year after the beginning of the incapacity for work resulting from an occupational disease, and if death results from the occupational dis-

ease, unless a suit therefor be commenced within one (1) year thereafter; provided, however, that if upon the date of the death of the employee the employee's claim has become barred, the claim of his dependents shall likewise be barred, and in such case the claim shall be barred whether or not the employer gives the notice required by subsection (2) of Sec. 50-1017.

It is clear there could be a different application of this statute where the employee died from an occupational disease, than the application to be given the statute where death did not result. In the case, sub judice, death did not result and this opinion is only concerned with the application of the statute on that basis.

Pertinent to this matter is that part of T.C.A. Sec. 50-1105 as follows:

* * * the partial or total incapacity for work or the death of an employee resulting from an occupational disease as herein listed and defined shall be treated as the happening of an injury by accident * * *.

In *Adams v. American Zinc Co.*, 205 Tenn. 189, 326 S.W.2d 425 (1959) this Court in regard to these two statutes said:

Such beginning of incapacity is the happening of the "injury" within the meaning of Section 50-1105. The right to bring suit commences with the happening of the injury. So the expression "beginning of the incapacity", Section 50-1108, carries necessarily the same meaning as "the happening of the injury". Section 50-1105, T.C.A.

In the case of *Holeproof Hosiery Co. v. Wilkins*, 194 Tenn. 683, 254 S.W.2d 973 (1952) in regard to the statute here at issue this court said:

The statute is not tolled as of the date of the commencing of the disease, for that would be impossible to determine with any degree of accuracy, but is tolled at the beginning of "incapacity for work". * * * the Legislature did not intend to burden the injured employee with the duty of proving when a compensable injury "commenced" for in many cases no one could say when his right of action actually accrued, i.e. his "incapacity for work."

On the issue here the holding in the *Holeproof Hosiery* case is negative in nature. It does not determine the beginning date of the statute; but does hold the commencing of the disease is not in and of itself the beginning date.

The case of *Wilson v. Van Buren County,* 196 Tenn. 487, 268 S.W.2d 363 (1954) involved an employee suffering an "incapacity for work." In this case the court held the employee would be required to exercise ordinary care to determine the cause of his "incapacity to work."

In *Brown Shoe Company v. Reed,* 209 Tenn. 106, 350 S.W.2d 65 (1961) this court stated the rule in the following language:

Under our statute, covering these occupational diseases, the statute of limitations commences to run when the accumulated effects of the latent disease culminate in a disability which is traceable to such disease as the primary cause and which is apparent to the employee or could have been discovered by the exercise of reasonable care and diligence.

■ ■ It results before the statute of limitations in occupational disease cases begins to run there must be: First, an incapacity for work; Second, either actual or

constructive knowledge an occupational disease is the cause of the incapacity for work. In relating the incapacity for work to the disease an employee is required to exercise reasonable care and diligence; and if he does not he could be charged with constructive notice.

In the case, sub judice, the trial court made an award to the employee for the occupational disease of silicosis. The issue is whether the employee exercised reasonable care and diligence in discovering he suffered from this disease, which necessitates a review of the evidence on this point.

Employee worked for employer for a number of years, as a coal miner, until discharged due to reduction in work force in May 1960. Employee at this time was in apparent good health. In March or April 1963 employee noticed a shortness of breath, when working, but did not seek medical aid. In the fall of 1963 employee made application to the Social Security Administration for disability benefits and such award was made to him in December 1963. In February 1964 employee made application to the Veterans Administration for a disability pension which was granted in April 1964.

Dr. W. G. Shull had been employee's family physician for a number of years, and had treated employee for a number of different things, but had never informed employee he was suffering from the occupational disease of silicosis. Early in 1965 employee made an effort to obtain his medical report from the Social Security Administration but was refused. Employee then went to his family physician who sent him again to Social Security for the medical report. Social Security refused the medical report the second time. On 8 April 1965, after examination by Dr. Cecil E. Newell, employee was, for the

first time, told he had the occupational disease silicosis. Suit was filed 6 April 1966.

The employer in his brief states as follows:

Upon the uncontroverted evidence in this record it is most earnestly insisted that petitioner became disabled or incapacitated for work in the year 1962, and progressively continued through the years 1963 and 1964, and the facts surrounding his disability imputed to him knowledge of his condition and the cause thereof in the exercise of reasonable caution which the law imposed upon him. Hence, the bar of the statute has been raised.

The Chancellor on the point here at issue stated:

However, defendant contends that the petitioner could have by the exercise of reasonable caution determined the existence of the disease at a much earlier date. It is true that he had examination by the Veterans Administration and the Social Security Administration and that both of these governmental agencies granted him relief, but he was never able to get a report from either agency of his condition.

He testified that he made repeated efforts to ascertain his condition and was denied information by the examining physician of both agencies. Also, his own physician was reluctant to make an examination and give petitioner a report of his condition. It is somewhat puzzling to the Court why there was this refusal or reluctance on the part of these doctors, but no doubt they have some answer, but the fact still remains that petitioner had exhausted his efforts to get a medical report upon which to base a notice for the institution of a Workmen's Compensation suit.

This is a finding of fact by the trial judge employee did use reasonable care and diligence in determining whether he was suffering from an occupational disease; even though he was unable to make this determination until 8 April 1965. The case, here on appeal, will turn on whether there is material evidence to support this finding.

It is insisted employee certainly had knowledge of a disability in the fall of 1963 when he applied to Social Security for an award based on his disability. We agree this is correct. It is next insisted if employee had exercised reasonable care and diligence by going to a competent physician in 1963 or 1964, as he did in April 1965, then he would have discovered his disability was from silicosis. We are not able to agree with this argument. Employee did go to his family physician during this time but obtained no information he suffered from silicosis. Also employee made efforts to obtain medical information from Social Security. It is difficult to understand why employee's family physician was reluctant to give him a report of his condition but, whatever the reason be, this fact should not be charged against employee on the issue of due diligence. There is another reason this case is unusual. It was almost three years after employee ceased work in the mine before he had his first symptom (shortness of breath) indicating disability. It would obviously be difficult for a layman to relate this shortness of breath back to his work in the mines after a lapse of three years.

There is material evidence to support the finding of the trial judge and the judgment is affirmed.

BURNETT, CHIEF JUSTICE, CHATTIN and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.