Frank J. CASH, Appellant,

v.

IDEAL CEMENT COMPANY, Appellee.

Supreme Court of Tennessee.

June 16, 1975.

---

constructive notice of, the fact that he had an occupational disease prior to his diagnosis by Dr. Swann,

(2) in holding that the statute of limitations began to run from the date of disability or date that the employee had reason to know that there was a reasonable possibility that his breathing problems were work connected, instead of the date of diagnosis of occupational disease, . ."

Just prior to argument of this case on appeal, the death of appellant was suggested and the cause was revived with the names of Uneeda G. Cash, widow of appellant, and Jackie F. Cash, administrator of the estate of appellant, being substituted for that of appellant.

The record shows that appellant, who could neither read nor write, worked twenty-seven plus years as a jackhammer helper, and/or driller, and/or truck driver, in a rock quarry operated by appellee. The nature and place of the employment necessarily caused appellant to be exposed to large amounts of rock dust from the quarrying operations. During his employment, and especially the last two years, appellant suffered from various physical ailments for which he sought medical treatment, such as a back injury, arthritis, hypertension and difficulty in breathing. Appellant's difficulty in breathing was apparent to his fellow workers to an extent that one advised appellant to see a specialist. This advice was given "approximately two years or maybe a little longer than that before [appellant] took off sick the last time." Appellant did not see a specialist but was treated by Dr. P. H. Cardwell on at least two occasions, the last being in May, 1972, for "acute bronchitis."

In February, 1973, appellant applied for and was granted disability retirement by appellee, effective March 28, 1973, on the basis of hypertension and arthritis. Appellant admitted "that his breath was gone in

H. Calvin Walter, Walter, Gilbertson & Claiborne, Knoxville, for appellant.

Norman H. Williams, Fowler, Rowntree, Fowler & Robertson, Knoxville, for appellee.

## OPINION

COOPER, Justice.

Frank J. Cash filed an action in the Chancery Court of Knox County on May 1, 1974, seeking to recover workmen's compensation benefits for disability resulting from silicosis. The employer, Ideal Cement Company, denied that Mr. Cash sustained any work-connected disability, and also plead lack of notice and the one year statute of limitations placed on workmen's compensation actions. On trial, the chancellor concluded that the employer "had made out its defense that the one year statute of limitations bars the case because the suit was not brought within one year of the disability, March 28, 1973." The chancellor then expressly pretermitted making "any specific findings with regard to notice or degree of disability." The employee appealed, insisting that the chancellor erred:

"(1) in holding that the statute of limitations barred plaintiff's cause of action because there was no material evidence to support a conclusion that the plaintiff had actual knowledge of, or should be charged with

March, 1973," and that it affected his ability to do the lifting and walking required in the performance of his job with appellee.

On June 4, 1973, appellant was admitted to the hospital for diagnostic studies by a thoracic surgeon, who found that appellant was suffering from silicosis. The thoracic surgeon testified the silicosis was compatible with appellant's history of working in the dusty atmosphere of a rock quarry and that, in his opinion, the silicosis was present and disabling at the time of retirement of appellant on March 28, 1973.

In Murray Ohio Manufacturing Company v. Vines, 498 S.W.2d 897 (Tenn. 1973), it is pointed out that "the controlling language in our statute of limitations applicable to workmen's compensation cases has been held to be '. . . one (1) year after the occurrence of the injury.' (Section 50–1017). We are aligned with those states that are said to have the 'injury type' statute as distinguished from the 'accident type' statute. Admittedly, the injury type statute provides a less definite date of accrual of employee's cause of action. The running of the statute is said to be suspended '. . . until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained.' "

And, in Tennessee Products & Chemical Corp. v. Reeves, 220 Tenn. 148, 415 S.W.2d 118 (1967), this court held that "before the statute of limitations in occupational disease cases begins to run there must be: First, an incapacity for work; Second, either actual or constructive knowledge an occupational disease is the cause of the incapacity for work. In relating the incapacity for work to the disease an employee is required to exercise reasonable care and diligence; and if he does not he could be charged with constructive notice."

There is no question under the evidence in this case that the appellant had an incapacity to work at the time he retired on March 28, 1973. Neither is there any question but that appellant knew of his incapacity and knew that it was due to a large extent to his difficulty in breathing. However, we find no material evidence in the record to support a finding that appellant had either actual or constructive knowledge that his breathing difficulty, with resulting incapacity to work, was due to an occupational disease until the diagnosis of silicosis in June, 1973. It is true that plaintiff was advised by a fellow employee to see a specialist for treatment but there was no suggestion that plaintiff was suffering from an occupational disease. And while appellant did not take his friend's advice to see a specialist, he did thereafter see his physician, Dr. P. H. Cardwell, in May, 1972, and was treated for "acute bronchitis," which is not a listed disease. Under these circumstances, to impute to appellant constructive knowledge that his disability was due to a listed occupational disease would be to attribute to him greater knowledge of his physical condition, its cause and needed medical treatment, than that possessed by appellant's treating physician. This we can not do. We hold, contra to the conclusion of the chancellor, that under the undisputed evidence in this case, the statute of limitations on appellant's workmen's compensation claim began to run on June 7, 1973, when it was first determined that appellant was disabled from a listed occupational disease, and that this action, being brought on May 1, 1974, is not barred by the statute of limitations. Imperial Shirt Corp. v. Jenkins, 217 Tenn. 602, 399 S.W.2d 757 (1966); Murray Ohio Mfg. Co. v. Vines, *supra.*

The decree of the chancellor dismissing this action is reversed. The chancellor having pretermitted the issues of notice and extent of disability, the cause is remanded for a determination of those issues. Costs of this appeal are adjudged against the appellee, Ideal Cement Company.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.