Tommie M. WATSON, Appellant,

v.

UNITED STATES FIRE INSURANCE
COMPANY, Appellee.

Supreme Court of Tennessee.

March 5, 1979.

J. Gregory O'Connor, Bond, Carpenter &
O'Connor, Knoxville, for appellant.

Thomas S. Scott, Jr., Knoxville, for appellee.

OPINION

COOPER, Justice.

This is a workmen's compensation case. Tommie Watson has appealed the denial of his claim for benefits for injuries suffered in an automobile accident. The chancellor grounded his denial on his determination that the accident did not arise out of and in the course of Watson's employment. We reverse.

By the consent of the parties, and with the agreement of the chancellor, the case was tried on the issue of liability, only. Insofar as is material to our disposition of the case, the chancellor found that, at the time of the incident giving rise to this claim, Watson was employed by the Community Action Committee of Knox County. In connection with his employment, Watson was authorized to attend a training program that was to be given at Paris Landing State Park. The program was scheduled to begin near noon on Monday, June 6, 1977, and to continue for several days. On Sunday, June 5th, Watson left Oak Ridge, where he had spent the previous day, and travelled in his own car to Jackson, Tennessee, where he visited a friend. Watson stayed at Jackson that night, and left for Paris Landing State Park the next morning. He was severely injured in an automobile accident on his way there. Our review of the record shows that these findings are supported by material evidence, and we do not question them. *See, e. g., Davis v. Gulf Insurance Group,* 546 S.W.2d 583 (Tenn. 1977).

However, our agreement with the facts as found by the chancellor does not extend to the legal conclusions that he drew

from those facts. While this court is bound by the findings of the chancellor on questions of fact whenever there is material evidence to support them, it is not bound by his determination as to the legal effect of those facts, nor is it bound by his determination of a mixed question of law and fact. *Travelers Insurance Co. v. Evans*, 221 Tenn. 199, 425 S.W.2d 611 (1968); *Sullivan v. Green*, 206 Tenn. 42, 331 S.W.2d 686 (1959); *Wilson v. Van Buren County*, 196 Tenn. 487, 268 S.W.2d 363 (1954).

The chancellor concluded that Watson's excursion to Jackson was a "detour," motivated solely by personal concerns, from an employment-related trip from Knoxville to Paris Landing State Park, with the result that Watson's injuries, arising in the course of that detour, were not compensable. We reverse, for we believe that the facts as found by the chancellor compel a different conclusion. We would characterize the journey in which Watson was engaged at the time of his accident not as the end of a detour from Knoxville to the State Park, but as an employment-mandated trip from Jackson to the same destination. There is no indication in the record before us that Watson had anything but a perfect right to be in Jackson, as opposed to Knoxville, on the morning of June 6th, or that his employer had any interest, expressed or otherwise, in the starting point of the trip to the training session. Even granting that Watson's employer may have assumed that Watson would travel on a reasonably direct route from Knoxville to the State Park, there is no indication that such a route was mandated by his employer, or that Watson's departure from it materially increased the risks of the journey. We are faced, then, by a situation in which Watson finds himself in Jackson on the night of June 5th. Left to his own devices, he would have returned to his home and his work in Knoxville. However, he was under the orders of his employer to report to Paris Landing State Park on the following day. In the course of doing so, he was injured. We believe the conclusion inescapable that, at the time of his injury, Watson was engaged in a trip made necessary by the requirements of his employment, and thus that his injury was compensable. *Mark's Dependents v. Gray*, 251 N.Y. 90, 167 N.E. 181 (1929). *See Ward v. Ward*, 213 Tenn. 657, 378 S.W.2d 754 (1964); *Peterson v. Taylor*, 255 Minn. 220, 96 N.W.2d 247 (1959).

Accordingly, the judgment of the chancellor is reversed, and the case remanded for further proceedings. Costs will be taxed to the appellees.

FONES, BROCK and HARBISON, JJ., and ALLISON B. HUMPHREYS, Special Justice, concur.