IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 8, 2003 Session

# JAMES J. TATE, SR. v. GLENDA BINGHAM TATE

**Direct Appeal from the Chancery Court for Robertson County**
**No. 16148      Carol A. Catalano, Chancellor**

---

### No. M2002-01749-COA-R3-CV - Filed August 25, 2003

---

This appeal concerns the propriety of the trial court's property division between divorcing parties. As part of its division of the marital property, the trial court ordered that Husband transfer a home, which was his separate property, to Wife. The trial court also awarded Wife $4,500.00 as her interest in a Mercedes automobile which the parties purchased for $15,000.00. We affirm in part, reverse in part, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part; Reversed in part & Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DON R. ASH, SP. J., joined.

Christine Brasher, Springfield, Tennessee, for the appellant, Glenda Bingham Tate.

Grayson Smith Cannon, Goodlettsville, Tennessee, for the appellee, James J. Tate, Sr.

### OPINION

The parties married January 3, 1998, and separated in May of 2001. The matter was tried on April 25, 2002, and the divorce decree was filed on June 19, 2002. Wife was granted a divorce based on Husband's inappropriate marital conduct.

Prior to the marriage Husband owned one parcel of real property referred to as the Valleywood ("Valleywood") residence. Wife owned two parcels of real property, the McClellan residence ("McClellan") and the Arrowwood ("Arrowwood") residence. The parties jointly purchased the Guthrie ("Guthrie Court") residence after their marriage. The trial court's division of these properties forms part of the basis for this appeal.

Mrs. Tate testified that it was the intent of the parties that they would share equally in the cost of Guthrie Court. In order to accomplish this, the parties conceived a plan to sell their respective separate property and contribute the proceeds of the sales to the purchase of Guthrie Court. In accordance with the plan, Mrs. Tate sold Arrowwood and invested the proceeds in Guthrie Court.

Following the sale of Arrowwood by Mrs. Tate, the parties agreed to "swap" these properties between themselves with Mr. Tate conveying Valleywood to Mrs. Tate and Mrs. Tate conveying McClellan to Mr. Tate. Mrs. Tate argues that this "swap" resulted in Valleywood becoming her separate property and McClellan becoming Husband's separate property. Mrs. Tate cites Tenn. Code Ann. § 36-4-121(b)(2)(B) in support of her contention, claiming that the properties in question were "[p]roperty acquired in exchange for property acquired before the marriage[.]" Id. Husband argues that this is not the case, and that the result of these transactions was a transmutation of the property.

The trial court found the Valleywood and McClellan properties to be separate property, and Guthrie Court to be marital property. This classification notwithstanding, the court ordered Mr. Tate to transfer the McClellan property to Mrs. Tate, leaving her with both the McClellan and Valleywood properties. Mr. Tate was awarded Guthrie Court. Mrs. Tate asserts that the trial court, having found the Valleywood and McClellan properties to be separate property, erred in considering these properties in its division of the marital property.

Mrs. Tate also takes issue with the trial court's division of a Mercedes automobile, which both parties acknowledge as a marital asset. Mrs. Tate claims that the parties stipulated the value of the automobile to be $15,000.00. The trial court apparently valued the car at $9,000 and awarded wife one-half of this amount. Mrs. Tate argues that, once parties stipulate to the value of a marital asset, the trial court may not arrive at a different valuation when dividing the property.

**Issues**

Appellant presents the following issues for review:

1.      Whether the trial court erred in its division of the marital estate by:

        A.      Including the parties' separate properties in the division of the marital property.

        B.      Failing to consider the parties' premarital status in a marriage of short duration.

        C.      Leaving wife in a worse financial position than before the marriage while husband, who was at fault in the divorce was unjustly enriched.

D.    Failing to allow wife to admit evidence of the value of the parties' assets prior to [the] marriage in order for wife to demonstrate that her separate real estate had increased in value due to her efforts alone.

2.    Whether the trial court erred in placing a value on the Mercedes vehicle that was different than the value to which the parties had agreed.

## Standard of Review

Our review of a trial court's findings of fact is de novo upon the record of the trial court. Such review is accompanied by a presumption of correctness of the trial court's findings of fact, unless the evidence preponderates against such findings. Tenn. R. App. P. 13(d); Brooks v. Brooks, 992 S.W.2d 403, 404 (Tenn. 1999). However, "[w]hile this court is bound by the findings . . . on questions of fact whenever there is material evidence to support them, it is not bound by [the trial court's] determination as to the legal effect of those facts, nor is it bound by [the trial court's] determination of a mixed question of law and fact." Watson v. United States Fire Ins. Co., 577 S.W.2d 668, 669 (Tenn. 1979). Questions of law are reviewed de novo, with no presumption of correctness. Nelson v. Wal-Mart Stores, Inc., 8 S.W.3d 625, 628 (Tenn. 1999).

## Mercedes

It is well settled that the determination of the value of a marital asset is a question of fact. Kinard v. Kinard, 986 S.W.2d 220, 231 (Tenn. Ct. App. 1998). Accordingly, "a trial court's decision with regard to the value of a marital asset will be given great weight on appeal." Wallace v. Wallace, 733 S.W.2d 102, 107 (Tenn. Ct. App. 1987); Tenn. Rule App. P. 13(d).

The trial court awarded Appellant $4,500.00 for her interest in the Mercedes. Appellant claims the parties agreed that the value of the Mercedes was $15,000.00. Appellant argues that the award, therefore, should have been $7,500.00, or one-half of this stipulated value. Appellant posits that once parties stipulate to the value of a marital asset[1] that the trial court may not arrive at a different valuation for purposes of property division.

We note initially that "an equitable property division is not necessarily an equal one. It is not achieved by a mechanical application of the statutory factors, but rather by considering and weighing the most relevant factors in light of the unique facts of the case." Batson, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988).

---

[1]Both parties, at various stages of the proceedings, stated that $15,000.00 was the purchase price of the vehicle. Husband later recalled a purchase price of $8,000.00. Husband's trial memorandum, as amended, states the purchase price as $15,000.00.

The trial court, in delivering its findings of fact from the bench, determined that the parties paid $9,000 for the vehicle. The record, however, does not support this finding. The record contains assertions by both parties that the purchase price of the auto was $15,000.00. Mr. Tate testified that his wife informed him that, after his offer to buy the car for $4,500.00 was rejected, she had purchased the vehicle for $8,000.00. The record is devoid of evidence to support the $9,000.00 figure relied on by the trial court as its basis for awarding Mrs. Tate $4,500.00. The evidence, which in this case consists solely of the parties' testimony as to the value of the property, supports a valuation of $15,000.00.

While Mrs. Tate apparently believes that this valuation should invariably result in an award of $7,500.00 to her, we reiterate that the court's task is to divide marital property in an equitable fashion and that "an equitable property division is not necessarily an equal one." Batson, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988). Accordingly, in light of Mr. Tate's un-rebutted testimony that he had expended time and effort over the past year to get the car running, we find the award of $4,500.00 to Appellant to be an equitable one. We, therefore, affirm the award of $4,500.00 to Mrs. Tate for her interest in the Mercedes.

### Real Property

### McClellan and Valleywood Properties

Appellant properly notes that, for purposes of property division, separate property includes "[p]roperty acquired in exchange for property acquired before the marriage[.]" Tenn. Code Ann. § 36-4-121(b)(2)(B)(Supp. 2001). In the present case, the trial court found that "McClellan Drive, which was a residence formerly owned by Mrs. Tate, was transferred to Mr. Tate" in order "that both parties would have equal value in the Guthrie Court residence[,]" and that, excepting the equities of the situation, "this would . . . be Mr. Tate's separate property. . . ." The court further found that the Valleywood Drive residence "is [Mrs. Tate's] separate property. . . ." The trial court's classification of these properties as separate property was correct. Both properties were "swapped" for the other and, accordingly, are rightfully viewed as "[p]roperty acquired in exchange for property acquired before the marriage[,]" Tenn. Code Ann. § 36-4-121(b)(2)(B)(Supp. 2001). As such, neither property should have been included in the marital estate and subjected to division. It was, therefore, error for the trial court to order Mr. Tate to transfer the McClellan Drive property, which the court correctly determined was his separate property, to Mrs. Tate. Accordingly, the trial court's order that Mr. Tate transfer the McClellan property to Mrs. Tate is reversed. The McClellan property is Mr. Tate's separate property and the Valleywood residence is Mrs. Tate's separate property and, as such, neither is subject to division.[2]

---

[2]While the McClellan and Valleywood properties are separate properties we are still required to consider their respective values in fashioning an equitable division of the entire marital estate. Tenn. Code Ann. § 36-4-121(c)(6)(Supp. 2001).

**Guthrie Court Property**

The Guthrie Court property was acquired by the parties shortly after their marriage and is, therefore, marital property.[3] As such, this property is subject to equitable division using the criteria found at Tenn. Code Ann. § 36-4-121( c)(1)-(11). In the present case, this task is greatly simplified by the efforts of the parties to equalize their respective contributions to Guthrie Court via the aforementioned property transfers. With regard to the intent of the parties, the trial court stated that "Mr. and Mrs. Tate have testified how they adjusted what each other owned prior to the marriage so that this Guthrie Court property could be bought with each of them having the same invested." We agree that this was the intention of the parties at the time of the transactions in question. Accordingly, as the parties themselves took steps to ensure that each had an equal investment in Guthrie Court, neither can now be heard to assert that an equal division of Guthrie Court would be inequitable. As such, the trial court's award of Guthrie Court to Mr. Tate is reversed. The property is to be sold and, after the outstanding mortgages are paid, the proceeds are to be divided equally between the parties. This not only results in an equitable division of the property, but also comports with the intent of the parties. In view of our ruling, sub-issues 1B - D are pretermitted.

### Conclusion

We affirm the trial court's award of $4,500.00 to Mrs. Tate as representing her interest in the Mercedes. We reverse the award of the transfer of the McClellan residence, from Mr. Tate to Mrs. Tate, as this property is separate property and, as such, is not subject to division. We reverse the award of Guthrie Court to Mr. Tate and order said residence to be sold with the proceeds of the sale to be divided equally between the parties. We remand the cause for further proceedings not inconsistent with this opinion. The costs of this appeal are taxed one-half to the Appellee, James J. Tate, Sr., and one-half to the Appellant Glenda Bingham Tate, and her surety, for which execution, if necessary, may issue.

_____
DAVID R. FARMER, JUDGE

---

[3]Neither party disputes this.