Keim, Appellant, v. Cambria Fuel Company et al.

Argued April 20, 1943.   Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, KENWORTHEY and RENO, JJ. (HIRT, J., absent).

*George Jerko,* with him *Llewellyn E. Lloyd,* for appellant.

*Robert W. Smith, Jr.,* of *Smith, Best & Horn,* with him *Francis A. Dunn,* for appellees.

OPINION BY KELLER, P. J., July 16, 1943:

This appeal relates to the Occupational Disease Compensation Act of 1937, P. L. 2714, which went into effect on January 1, 1938.

The question involved is whether its provisions applied to a workman whose employment was terminated [1] four days before the effective date of the act, at a time when

_____

[1] The claimant's petition for compensation set forth (his insertions being italicized):

"Dates of Employment—*From July, 1928 to December, 1937.*

"4. The abovenamed defendant was my employer when I was last exposed to a *Silica* hazard, and I was in the defendant's employ from *July, 1928 to December, 1937.*"

He testified at the hearing, on direct examination by his counsel (15a): "Q. Then, do I understand you, Mr. Keim, that you were laid off on December 28, 1937? A. Yes, sir. Q. Have you done any work for this Company or any other company since that time? A. I haven't had any work with any company since that, no, sir. Q. Did you apply for work with this Company? A. Yes, sir I did. I went back the next month, or the next week following when I was laid off, to be reinstated."; and on cross-examination (23a): "Q. But you have not been employed by anyone since December 27, 1937? A. No, sir." The referee, whose findings of fact were affirmed by the board, found, inter alia (41a): "Sixth: That on December 28, 1937, the claimant was laid off or released by his employer from further employment."

There is no support in the record for counsel's suggestion that claimant was only *temporarily* laid off from employment on December 28, 1937.

he was suffering from, and partially disabled by, silicosis contracted during more than five years employment with the defendant. He became totally disabled on June 15, 1938 and has remained so ever since.

We are of opinion that the act applies only to persons who were in the employment of the master or employer when it went into effect; that a person not so employed on that date, who was disabled, partially or totally, as the result of a disease, contracted in the course of his employment and due to the negligent conduct of his employer, was obliged to pursue his remedy by an action of trespass. *Billo v. Allegheny Steel Co.*, 328 Pa. 97, 195 A. 110; *Moffett v. Harbison-Walker Co.*, 339 Pa. 112, 14 A. 2d 111.

The Workmen's Compensation Act and its cognate statute, the Occupational Disease Compensation Act, are based on an existing relation of master and servant, or employer and employee; and that relation had to subsist at the time they became effective, in order to create the new contractual relationship established by their acceptance, express or implied, of those acts. The procedure established under their provisions is not applicable to cases where no relationship of employer and employee was in existence when they became effective. Section 4 of the Occupational Disease Compensation Act limits its application to cases "when an employer and employe shall be subject to the provisions of article three of the Workmen's Compensation Act as therein provided"; and section 301 of the Workmen's Compensation Act limits its provisions to cases "when employer and employee shall by agreement, either express or implied, as hereinafter provided, accept the provisions of article three of this Act".

As appellant was not an employee of defendant when the Occupational Disease Compensation Act went into effect, his right of action at common law, as above stated,

against his former employer for partial disability [2] due to silicosis—followed by total disability—was not affected by the act. The ruling of the Supreme Court in *Moffett v. Harbison-Walker Co.*, supra, applies only to cases where the relation of employer and employee existed when the act went into effect.

In the case of *McIntyre v. Lavino & Co.*, 344 Pa. 163, 25 A. 2d 163, relied on by appellant, the claimant was not discharged by the defendant until February 4, 1938, over a month after the date when the Occupational Disease Compensation Act became effective. The Supreme Court, accordingly, held that claimant's rights were enforceable under the Occupational Disease Compensation Act and not by action of trespass. The court there said, speaking through Mr. Justice STERN (p. 168) : "Since, therefore, McIntyre *was in the employ of defendant on the effective date of the Occupational Disease Compensation Act,* and the parties did not, then or thereafter, express their intention not to be bound by it, they voluntarily submitted themselves to its terms, including the provision of section 3, so that defendant assumed thereby the duty of paying compensation to McIntyre if disability from occupational disease should subsequently reveal itself. *Had McIntyre's employment ceased before January 1, 1938, a different question would be presented.*" (Italics supplied).

The court below correctly decided the question of law raised, and was reluctantly obliged to set aside the order of the board awarding compensation.

Judgment affirmed.

---

[2] The Occupational Disease Compensation Act of 1937 provided that compensation should not be payable for *partial* disability due to silicosis, anthraco-silicosis or asbestosis, Section 5(b). So does the Act of 1939, P. L. 566, Section 301, 2, (e), p. 571.