## 32523. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al. v. ELLISON.

WORRILL, J. 1. This is a workmen's compensation case in which the claimant seeks benefits under the provisions of the occupational-disease statute (Ga. L. 1946, p. 103 et seq.; Code, Ann. Supp., § 114-801 et seq.), for the disease of silicosis. The evidence showed that the claimant had worked for the employer as a stonecutter for 29 years prior to his disablement and had been subjected to the hazards of such disease at least up until a few months prior to his disablement and until a time before the effective date of the statute (May 1, 1946); that prior to the claimant's disablement the employer had equipped its plant with apparatus to remove or reduce the amount of dust in the air in the plant caused by its operations, and that this apparatus reduced the dust to allowable minimums, and to the point where the exposure to the hazards of the disease in the employer's plant was no more than normally encountered in everyday life; that thereafter the claimant worked about 18 months in the employer's plant until he was laid off on or about November 5, 1947. *Held:* That such evidence was sufficient to authorize the award by the Director of the State Board of Workmen's Compensation denying compensation where such award was based on the theory and finding of fact that there was no exposure of the claimant to the hazards of silicosis after the effective date of the act. Code (Ann. Supp.), §§ 114-808, 114-825.

2. Under the provisions of the occupational-disease law an employer is not liable for compensation where the last injurious exposure to the hazards of a disease occurred prior to the effective date of the act (Code, Ann. Supp., § 114-808); and an employer shall not "be liable for compensation . . unless such disease arose out of and in the course of employment and has resulted from the nature of the employment in which the employee was engaged under such employer . . meaning by 'nature of the employment' that to the occupation in which the employee was so engaged, there is attached the particular hazard of such disease that distinguishes it from the usual run of occupations and is in excess of the hazards of such disease attending employment in general" (Code, Ann. Supp., § 114-801); so that—where there was uncontradicted evidence that prior to the effective date of the act and at all times subsequent thereto, the employer utilized apparatus in the plant which reduced the dust content of the air in the plant to no more than that encountered in the normal life of an individual "walking out on the street," or of one working in a soda fountain or drug store—a finding of fact by the director, that the last injurious exposure of the claimant to the hazard of the disease occurred prior to the effective date of the act, was authorized by the evidence, and the judge of the superior court erred in setting aside that finding in the absence of some error of law appearing.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*

DECIDED SEPTEMBER 23, 1949. REHEARING DENIED OCTOBER 7, 1949.

*Neely, Marshall & Greene,* for plaintiffs in error.
*Willingham, Cheney, Hicks & Edwards,* contra.