McCLUNG *v.* NATIONAL CARBON CO.

(*Nashville*, December Term, 1949.)

Opinion filed March 17, 1950.

J. SHELBY COFFEY, JR., of Columbia, for plaintiff in error.

W. RAYMOND DENNEY, of Nashville, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a suit under the Workmen's Compensation Law, Williams' Code, Section 6851 et seq., and is an appeal from a judgment against the employer, National Carbon Company, rendered in favor of the employee, Walter E. McClung, awarding him compensation for permanent total disability.

The facts are virtually undisputed. The allegation was made and the proof shows that petitioner had been an employee of the National Carbon Company for many years prior to February 8, 1947, at which time he quit work because of ill health. By Chapter 139, Public Acts of 1947, the Legislature amended the Workmen's Compensation Law so as to afford compensation to an employee for occupational diseases. The Act provides under subsection (d) of Section 1 as follows: "Injury and personal injury shall mean any injury by accident arising out of and in the course of employment and shall include certain occupational diseases arising out of and in the course of employment . . ."

The amendatory Act provides that the effective date shall be March 12, 1947.

The proof shows that petitioner did not work for defendant after February 8, 1947, or more than a month prior to the effective date of the amendatory Act. Defendant contends that the new protection and compensation afforded by the amendment shall apply only to those employees who have contracted such occupational diseases on or after the effective date of the amendatory Act, and that such occupational diseases were to arise out of and in the course of employment, during a time after the effective date of the amendatory Act.

In March 1949, Dr. C. C. McClure, of Nashville, examined X-ray pictures of petitioner and was of the opinion that he was suffering from silicosis. Silicosis is a disease which may be contracted from breathing silica dust. Off and on prior to the time that petitioner quit work for defendant on February 8, 1947, he was exposed to silica dust, and the lower court could have been justified in holding that he contracted this disease of silicosis while an employee of defendant prior to that date. The lower court found that petitioner had silicosis prior to March 12, 1947, the effective date of the amendatory Act, but did not have it to such an extent or degree that it could be diagnosed prior to that time.

■■ It must be borne in mind that petitioner quit work for defendant about a month prior to the effective date of the amendatory Act. We do not think that the disease from which petitioner is suffering arose out of or in the course of his employment, as the amendatory Act was not in effect at that time. In other words, the Workmen's Compensation Law did not provide benefits for occupational diseases at the time petitioner discontinued work for defendant. There is nothing in the amendatory Act to show that the Legislature had in

mind that it should have any retroactive effect. If the lower court correctly interpreted this amendatory Act so as to award compensation for petitioner's occupational disease contracted prior to the effective date of the amendatory Act (at which time the relationship of employer and employee did not exist), then this Act is unconstitutional, and. in violation of Article 1, Section 20, of the Constitution, which provides: "That no retrospective law, or law impairing the obligations of contracts, shall be made.

 Where it appears that an occupational disease was contracted before the effective date of the amendment, i. e., March 12, 1947, and the employee severed his connection with the employer before that date, there can be no recovery of benefits under the amendatory Act.

For the foregoing reasons, the judgment of the lower court is reversed and the suit dismissed.

All concur.