In the Matter of the Claim of STANLEY A. JUNIAK, Appellant, against GENERAL ELECTRIC COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board dismissing a claim. Claimant worked for the employer beginning in 1902 as a laborer, a "chipper" in a foundry. He was exposed to silicate dust in this work. The last such exposure occurred in 1924 when he was found suffering from silicosis and he was transferred to other work in which there was no exposure to silicate dust. In 1941 he was given employment in a washroom where he contended he was caused to be disabled because of exposure to sudden and extreme changes in temperature superimposed on his underlying silicotic condition. The board has found that the disability was not due to exposure in the washroom or other recent work for the employer, but due to silicosis contracted before the enactment of the statute authorizing payment of compensation for silicosis as an occupational disease. The statute expressly excluded prior exposures from the compensation it afforded. Upon this factual finding, which we are without power to disturb, the silicosis which caused the disability of claimant is not compensable as a matter of law. Decision affirmed, without costs. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.

■

In the Matter of TRU-STITCH MOCCASIN CORPORATION, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal by an employer from a decision of the Unemployment Insurance Appeal Board which affirmed a referee's decision sustaining an initial determination of the Industrial Commissioner. The initial determination was to the effect that appellant was not entitled to a tax credit for the 1947 tax credit year upon the ground that its predecessor, a copartnership, did not transfer all of its assets to appellant. The applicable statute is paragraph (c) of subdivision 1 of section 577 of the Labor Law, as it was amended by chapter 809 of the Laws of 1947. The question presented is largely factual, viz., whether the appellant, in August, 1946, acquired from its partnership transferer and grantor all or substantially all of its assets upon the latter's then discontinuance of operations, so as to constitute appellant a "qualified employer" within the meaning of said statute. Upon the reorganization of the former partnership business into corporate forms, in August, 1946, the major portion of its assets was transferred to the appellant and the remainder, consisting principally of its smaller factory and plant at St. Regis Falls, N. Y., it transferred to another corporation, viz., St. Regis Corporation, which continued its operation. This factory and plant, although a minor part, was such a substantial part of the copartnership assets that it was correctly held the transfer to appellant did not consist of all or substantially all the copartnership assets and accordingly that appellant was not a "qualified" employer within the meaning of said statute during the year 1947. Decision affirmed, with costs to the Industrial Commissioner. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.