Anderson *v.* Sunray Electric, Inc., Appellant.

Argued April 16, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*C. A. Whitehouse,* Associate Counsel, with him *Ralph H. Behney,* Counsel and *Robert E. Woodside,* Attorney General, for appellants.

*R. Pierson Eaton,* for appellee.

568

OPINION BY RENO, J., July 14, 1953:

Claimant-appellee was employed by Sunray Electric, Inc., from August 19, 1946 to August 22, 1946, and from September 23, 1946 to May 26, 1947. During that period she was exposed to beryllium poisoning, the date of the last exposure being May 26, 1947. After employment elsewhere, she became totally disabled from undiagnosed causes on October 8, 1949. Her disability was finally determined on March 10, 1951 to have resulted from beryllium poisoning. The referee and the Board awarded compensation under the Occupational Disease Act, and the court below affirmed. The employer, its insurance carrier, State Workmen's Insurance Fund, and the Commonwealth of Pennsylvania appealed.

Neither the original occupational disease legislation of July 2, 1937, P. L. 2714, nor The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, 77 P.S. §1201 et seq., or the 1945 amendments to the latter Act, included beryllium poisoning among the compensable occupational diseases. That species of disease was first introduced into the legislation by the Act of May 14, 1949, P. L. 1379, §1, effective July 1, 1949, 77 P.S. §1208, which amended §108 of the Act of 1939. Hence, during the entire period of her employment by Sunray and on the day of her last employment and exposure, beryllium poisoning was not covered or recognized by the law as a compensable occupational disease. As a result, she is not entitled to compensation.

When an employer and employe accept the occupational disease legislation, their relation, like that created by the workmen's compensation statutes, becomes contractual and their rights are to be determined under the applicable provisions of the existing law, which become part of the terms of employment. *Liberato*

*v. Royer & Herr,* 81 Pa. Superior Ct. 403, affirmed 281 Pa. 227, 126 A. 257. Amendments enacted during the continuance of the employment become a part of the terms thereof, unless rejected by either the employer or employe. *Kozak v. L. V. Coal Co.,* 164 Pa. Superior Ct. 564, 67 A. 2d 724. But unless the claimant is employed by the employer at the time when the act or the amendment becomes effective the provisions thereof do not become a part of the terms of employment, and legislation enacted after the employment has ceased will not support a recovery of compensation. *McIntyre v. Lavino & Co.,* 344 Pa. 163, 25 A. 2d 163. To rule otherwise would unconstitutionally impair the vested rights of both the employer and employe in the contract of employment made while the Act of 1939 and the amendment of 1945 were in force. *Agostin v. Pittsburgh Steel Foundry Corp.,* 354 Pa. 543, 47 A. 2d 680; *Keim v. Cambria Fuel Co.,* 152 Pa. Superior Ct. 530, 33 A. 2d 61. Unless the legislature clearly manifests its intention otherwise, no law may be construed to be retroactive, and then only where it does not destroy vested rights or impair the obligations of contracts. Statutory Construction Act of May 28, 1937, P. L. 1019, §56, 46 P.S. §556; *Monroe Loan Soc. of Pa. v. Morello,* 160 Pa. Superior Ct. 418, 51 A. 2d 347.

The court below relied upon *Roschak v. Vulcan Iron Works,* 157 Pa. Superior Ct. 227, 42 A. 2d 280, but it does not control this decision. There the claimant had been employed by the defendant from April 7, 1936 to April 2, 1941, during which period the Acts of 1937 and 1939 were in force and were a part of the terms of his employment. This Court held that he was entitled to compensation although his silicotic condition was not definitely ascertained and the disability began after he had quit his employment, upon the theory that liability for compensation was imposed upon the em-

ployer by his and claimant's acceptance of the Acts. So here, had claimant been in Sunray's employment when the amendment of 1949 was enacted, the fact that the nature and source of her disability was not ascertained until after she had left its employment would not have barred her recovery, if she was not otherwise disqualified.

This disposition of the case renders unnecessary discussion of the further questions raised by appellants.

The judgment is reversed and is here entered for defendants at appellee's costs.