**Jake CROPLEY, Sr., Plaintiff,**

v.

**ALASKA JUNEAU GOLD MINING CO.,
and Alaska Industrial Board,
Defendants.**

**No. 7255-A.**

District Court, Alaska
First Division, Juneau.
May 23, 1955.

---

William L. Paul, Jr., Seattle, Wash., and John S. Mansuy, Jr., Juneau, Alaska, for plaintiff.

R. Boochever (of Faulkner, Banfield & Boochever), Juneau, Alaska, for defendant Alaska Gold Mining Co.

FOLTA, District Judge.

This is an appeal from a decision of the Alaska Industrial Board denying compensation to the plaintiff for disability resulting from silicosis allegedly contracted while in the employ of the defendant Alaska Juneau Gold Mining Co. for several years antedating 1932. The coverage of the Workmen's Compensation Act was not extended to occupational disease until after 1946 and the disease did not manifest itself until 1954. The defendant Alaska Juneau Gold Mining Co. has moved to dismiss for failure to state a claim.

Claims for disability for occupational diseases have presented some knotty problems to courts influenced by traditional tort concepts. The principal difficulty arises from the fact that this disease, unlike traumatic injury, does not ordinarily manifest itself until long after exposure. It is this lapse of time which has given rise to three vexatious questions virtually unknown to tort law— (1) At what point does the statute of limitation commence to run? 2 Larson, Workmen's Compensation 278–280, Sec. 78:52; Associated Indemnity Corporation v. State Industrial Acc. Comm., 124 Cal.App. 378, 12 P.2d 1075; Annotation 11 A.L.R.2d 277; (2) What schedule of benefits applies—that in force at the time of the exposure or when disability occurs? Argonaut Mining Co. v. Industrial Acc. Comm., 104 Cal.App.2d 27, 230 P.2d 637; and (3) The question involved here, whether there can be recovery where employment ceased prior to the extension of the act to occupational diseases.

The courts have invariably denied recovery in cases in which it was shown that employment terminated before the extension of the statute, the decision in some cases being predicated on constitutional grounds, Anderson v. Sunray Electric, Inc., 173 Pa.Super. 556, 98 A.2d 374; McClung v. National Carbon Co., Tenn., 228 S.W.2d 488. In the case first cited the court said, 98 A.2d at page 375,

"But unless the claimant is employed by the employer at the time when the act or the amendment becomes effective the provisions thereof do not become a part of the terms of employment, and legislation enacted after the employment has ceased will not support a recovery of compensation. * * * To rule otherwise would unconstitutionally impair the vested rights of both the employer and employe in the contract of employment."

It should be noted in this connection that the contract theory is based upon statutory provisions like those of Section 43–3–34 of the Code. In other jurisdictions statutory provisions expressly deny recovery for disability traceable to exposure prior to the passage of amendatory legislation, Juniak v. General Electric Co., 280 App.Div. 1010, 116 N.Y.S.2d 809; American Mutual Liability Ins. Co. v. Ellison, 80 Ga.App. 62, 55 S.E.2d 258. Still other courts take the position that the relationship of employer and employee must be in existence when the act becomes effective, Keim v. Cambria Fuel Co., 152 Pa.Super. 530, 33 A.2d 61, 62.

A study of the authorities that have dealt with this and related problems suggests only one practical hypothesis—that the rights of the employee are defined by the statute in force during the employer-employee relationship. In other words, whether the employee has a claim cognizable at common law or a silicosis claim under the Compensation Act depends on the provisions of the Compensation Act in effect during the period of employment, but the quantitative extent of the remedy is not determinable until

disability ensues. Thus no right to compensation accrues if there is no occupational disease coverage during employment.

 Since this conclusion is decisive of the case at bar, it is not necessary to decide here whether recovery can be had where exposure ceases before the effective date of the act but employment continues thereafter. Nor is it necessary to decide whether compensation coverage may be retroactive under the police power—a question discussed in 2 Sutherland Statutory Construction, 3d Ed., 120–124, Sec. 2205; and Schmidt v. Wolf Contracting Co., 269 App.Div. 201, 55 N.Y.S. 2d 162, 170, although it may not be amiss to point out that a statute will not be given retroactive effect unless by express terms or necessary implication it clearly appears that that was the legislative intent. Sutherland, id., 114, 115, Sec. 2201; U. S. v. Whyel, 3 Cir., 28 F.2d 30, 32. Since the act of 1946 is devoid of language warranting the inference that it was the intent to extend its application to workers whose employment terminated previously, it follows that recovery under the act cannot be allowed. Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282, relied upon by plaintiff, does no more than reiterate the rule that the statute of limitations runs from the date of disability and in that respect it is in accord with the general view taken in the absence of express statutory provision, Annotation 11 A.L.R.2d 277, 297. But the question here presented was not involved in the Urie case. Recovery was there allowed under the Federal Employers' Liability Act on the ground that silicosis resulted from the employer's negligence and that silicosis was an injury within the terms of that act, which, it should be noted, had been in effect for many years, during Urie's exposure to the conditions which brought it on.

Accordingly, I am of the opinion that the motion to dismiss should be granted and the plaintiff remitted to such common law remedy as may be available to him.