LUTHER EGGERT *v.* TENNESSEE PRODUCTS & CHEMICAL
CORPORATION.

(*Nashville,* December Term, 1955.)

Opinion filed February 3, 1956.

A. A. KELLY, of South Pittsburg, for plaintiff in error.

HENRY L. BARGER and WALTER O'MILLINUK, both of Chattanooga, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a Workmen's Compensation case, wherein the Chancellor found from the proof that the complainant, Luther Eggert, is permanently and totally disabled by reason of an occupational disease, to wit, silicosis, and awarded compensation as approved by Williams' Code Section 6851 et seq., and specifically allowed the maximum award under Section 6878, Subsection (e), by reason of disability claimed to have been sustained by reason of such disease.

The defendant denied all claims of liability.

The proof shows that complainant was employed for years by defendant in a coal mine located near Whitwell, Tennessee. He operated a motor in the mine some of the time, and at other times he performed the duties of a supply man, which was to take the place of another employee on any one of several jobs in the mines. In the course of his employment he operated both air and rotary drills in rock, which was cut away from the face of the mines where coal squeezes were encountered from the purpose of allowing and permitting the mechanical operation of this particular mine to advance and proceed. The proof showed that the complainant wore no mask.

The lower court found that while there was testimony of several witnesses, who stated that there was a presence of dust in the air and mine where complainant worked, there was no proof of silica content in the air. However, samples of the powdered dust taken from a boring in the rock common to this mine was analyzed and found to contain 41 to 42 percent free silica.

It appears from the proof that the room in which the complainant worked was poorly ventilated and the air fan was located in another room.

It further appears from the proof that in the fall of 1953, complainant reported to the company doctor, and after an examination the complainant was hospitalized in a hospital in Chattanooga. After a series of examinations, etc., five doctors including Doctors Whitaker and Hampton, Jr., concluded that the complainant was suffering from advanced stages of silico-tuberculosis. In the course of the treatment complainant was subjected to surgery whereby a portion of his lung was removed and a plastic contraption inserted which complainant is now carrying.

After eight to nine months hospitalization complainant left the hospital but without the concurrence of the staff or authorities in it. Since then he has been without gainful employment.

The question is, does complainant have silicosis which he contracted while employed by defendant?

The Chancellor, in a full memorandum opinion, analyzed the testimony of all five doctors, and without stating the testimony here in detail, suffice it to say that we are of the opinion that the preponderance of the evidence is that the man suffered from silicosis while employed by the defendant, and that his condition grew progressively worse, and we find an abundance of evidence to show that he is permanently and totally disabled.

The proof is that the disease of silicosis complicates adversely any other lung condition and that silicosis adversely affects the disease of tuberculosis. Tuberculosis can be successfully treated but a combination of silicosis and tuberculosis cannot be cured and a large percentage of persons suffering from silicosis also have tuberculosis.

The proof also shows that silicosis is often a contributing factor to tuberculosis.

It might be noted that the facts as detailed in the case of *Housley* v. *American Mut. Liability Ins. Co.,* 197 Tenn. 38, 270 S. W. (2d) 349, are very analogous to the facts developed here.

We have considered all of the assignments of error and find them without merit, and the decree of the Chancellor is affirmed.