## Vacancies of Election Officers

HARRY L. ROSSI, Deputy Attorney General, and ANNE X. ALPERN, Attorney General, September 18, 1959.—You have asked to be advised as to the application of Act No. 29 of the 1959 Session of the General Assembly, approved April 22, 1959, P. L. 55, which amends section 405 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, as amended, 25 PS §2675, and more particularly you seek advice with regard to its effect upon the action of some county election boards which subsequent to the date of its enactment accepted nominating petitions for the purpose of filling vacancies of district election officers in accordance with provisions of the code, supra, prior to this recent amendment. Furthermore, you request to be advised as to whether Act No. 29 automatically extends until the 1961 municipal election the appointments which were made to fill the vacancies prior to its enactment and which will, otherwise, expire at the municipal election in 1959 or whether the court of quarter sessions of the proper county will be required to fill such vacancies by appointment for the interim period between the municipal elections which are forthcoming and the 1961 municipal elections.

Prior to February 10, 1956, section 401 of the Pennsylvania Election Code, supra, 25 PS §2671, provided that the election officers of each election district were to be elected by the electors at a municipal election and that they were to hold office for a period of two years from the first Monday of January next succeeding their election.

Concurrently, section 405, prior to its amendment by Act No. 29, supra, of the Election Code, 25 PS §2675, provided in part that in the event of vacancies in the election boards resulting from disqualification, removal, resignation or death of an election officer, or from any other cause occuring before the date of a primary or election, such vacancies would be filled by appointment by the court of quarter sessions of the proper county and that such person appointed to fill such vacancies would *serve until a successor was elected at the next succeeding municipal election.*

By the Act of February 10, 1956, P. L. 1019, section 401 was amended to provide that the district election officers were to be elected and hold office for a term of four years from the first Monday of January next succeeding their election. Such amendment was born of a legislative desire to achieve State-wide election uniformity by eliminating the staggered tenure of these district election officers. Through a legislative oversight, however, no corresponding amendment to section 405 was enacted with regard to the filling of vacancies. Consequently, Act No. 29 was approved during the 1959 session for the purpose of correcting such omission. It is now provided that vacancies in election boards existing by reason of the disqualification, removal, resignation or death of an election officer or from any other cause occurring before any primary election are to be filled by appointment by the court of quarter sessions of the proper county and that

the persons appointed to fill such vacancies are to *serve for the unexpired term of the person whose place is filled.*

In so far as there existed certain vacancies which had been filled in accordance with the unamended section 405 and the judicial appointment thereunder would expire at the 1959 municipal elections, such vacancies would have ordinarily been filled by election at such time.

Some county election boards, cognizant of the omission with regard to section 405 and aware that the legislature would take corrective action, took no steps to fill vacancies and held no nominations and elections during the May 19, 1959, primary election. At least one county election board, however, advertised election officer vacancies and apparently accepted nominating petitions before it learned of the enactment of Act No. 29.

Notwithstanding that Act No. 29 became effective April 22, 1959, such county went ahead with the election to fill vacancies among election officers in the primary election of May 19, 1959. To determine whether or not the vacancies were correctly attempted to be filled on May 19, 1959, we are bound to look at the applicable law effective on that date. Where an act states that it is to become effective immediately upon its approval, its provisions have full force and effect from the date on which the act was approved by the Governor except where the application of the provisions of the act would unjustly impair personal or property rights: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 4, 46 PS §504; Creighan v. Pittsburgh, 389 Pa. 569 (1957).

Act No. 29, supra, became effective immediately upon its approval by the Governor by virtue of its expressed legislative intent. Having become effective on

April 22, 1959, its provisions were to be given full force and effect on May 19, 1959, the date of the primary election, unless the application of its provisions would unjustly impair any personal or property rights. In the instant case, neither personal nor property rights are impaired.

Therefore, if any vacancies regarding election officers were to be filled on or after April 22, 1959, such vacancies were to be filled in accordance with the mandates of Act No. 29, and with regard to the legislative intent to achieve uniformity as manifested by the amendment to section 401, supra.

Any other method to fill vacancies utilized from the effective date of Act No. 29 must be considered to be ineffectual and a nullity, and the results of the primary held with regard to filling such vacancies in a manner not in accordance with Act No. 29 or the said legislative intent are accordingly void. Any vacancy existing among the election officers subsequent to April 22, 1959, and prior to the 1961 municipal election by reason of removal, resignation or death, etc., was to be, and must now be, filled by the court of quarter sessions of the county, and the persons appointed to fill the vacancies are to hold office until the 1961 municipal election lest the desirable result which is sought will fail of achievement and State-wide election uniformity will remain less than a reality.

With regard to those vacancies which have been filled by appointment under section 405 prior to its amendment by Act No. 29 and which appointments were to extend to the 1959 municipal election, the provisions of Act No. 29 require now that at the expiration of such appointment the court of quarter sessions may either reappoint the incumbents or appoint other proper persons to serve until the 1961 municipal election.

Such appointments having been made under section

405 prior to its amendment by Act No. 29 are effective in accordance with the unamended provisions. At the expiration of the appointment made under the unamended section 405, however, the provisions found in Act No. 29 become applicable. No law may be construed to be retroactive unless clear and manifestly so intended by the legislature and so long as vested rights are not destroyed or impaired: Statutory Construction Act, supra, sec. 56, 46 PS §556; Anderson v. Sunray Electric, Inc., 173 Pa. Superior Ct. 566 (1953).

There is no conflict between the conclusion set forth above and the mandates of article III, sec. 13, of the Constitution of the Commonwealth of Pennsylvania which provides that:

*"No law shall extend the term of any public Officer,* or increase or diminish his salary or emoluments, after his election or appointment." (Italics supplied.)

It is true that our opinion may extend the term of office. It does not, however, extend the term of the appointed district election officer.

Furthermore, the above conclusion is supported by consideration of one of the primary and essential purposes of the Election Code, that is, the assurance that the mechanics of the election process are conducted under bipartisan supervision. By permitting an election to be held to fill an office of a district election officer made vacant by the expiration of a judicial appointment made under the unamended section 405, we could, for example, very possibly permit the election of an inspector of election who is representative of the minority party to fill a vacancy created originally by the death, disqualification, removal or resignation of an inspector of elections who was representative of the majority party notwithstanding that sections 401 and 1208 of the code, 25 PS §§2671 and 3048, expressly contemplate majority and minority representatives thereof.

The procedure as herein set forth will help realize the State-wide uniformity in elections which is as greatly desired as it is desirable, and continues to assure a bipartisan anticipation in the election mechanics.

We are of the opinion, and you are, therefore, accordingly advised, that the attempt to fill vacancies among election officers at the primary election of May 19, 1959, in accordance with the provisions of section 405 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §2675, prior to its amendment by Act No. 29, approved April 22, 1959, is a nullity.

Vacancies occurring subsequent to April 22, 1959, and prior to the 1961 municipal election, either by virtue of the death, removal, disqualification, resignation of an election officer or because a proper judicial appointment made prior to April 22, 1959, has expired, must be filled by appointment of a proper person by the court of quarter sessions of the proper county and such appointed person will serve until the 1961 municipal election.