## Wilkes-Barre v. Rubel

*Peter P. Olszewski*, for plaintiff.

*George L. Fenner, Sr.*, for defendant.

PINOLA, P. J., November 18, 1964.—After filing preliminary objections on October 1, 1964, defendant, on October 8th, filed a petition to require the Authority to proceed under the new Eminent Domain Code of June 22, 1964, P. L. 84.

Defendant contends that because "easements" were added in September, after the new code went into effect, there is a new taking and therefore the Authority must proceed under the new act.

In the decision on the preliminary objections, we concluded that the addition of the "easements" in the amended resolution is surplusage, and, therefore, there was no new taking.

This would ordinarily govern here, but because defendant's counsel contends that he is confused by articles III, VI and VII, we will consider the effect of article VI on prior condemnations.

We are satisfied that the act is clear and that it applies to condemnations effected prior to its approval only as to procedure and evidence.

Section 302 declares:

"This act shall take effect immediately upon approval, and shall apply to all *condemnations effected thereafter, except* the provisions of *Article IV*, which

shall not *take effect* until *September 1, 1964,* and shall apply to all *condemnations effected thereafter.* The provisions of Articles V and VII shall also apply to all steps taken subsequent to the effective date of this act in all condemnation proceedings in which the *condemnation* was *effected prior* to the effective date of this act." (Italics supplied.)

This language is crystal clear. On the date of approval of the act, part of it was in force. However, on September 1, 1964, the entire act was in force and it specifically applies to all condemnations effected thereafter. The proviso simply adds that articles V and VII, which deal with procedure and evidence, shall also apply to condemnations effected prior to the date of approval.

Because no reference is made to article VI, some would argue that it applies to condemnations effected before the act. This just cannot be. The same argument could be made as to any other article except articles V and VII.

A general canon of interpretation is that the mention of a specific matter in a general statute implies the exclusion of others not mentioned, *expressio unius est exclusio alterius*: Cali v. Philadelphia, 406 Pa. 290, 304. Here, there are two exceptions mentioned and, therefore, we must assume that no others were intended by the legislature.

Article VI cannot apply to prior condemnations for two further reasons. Section 56 of the Statutory Construction Act, 1937, P. L. 1019, art. IV, 46 PS §556, provides that:

"No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature."

The courts have ruled to the same effect: Hirsch v. Bunker Hill Mut. Ins. Co., 389 Pa. 92, 132 A. 2d 212. Only curative, remedial or procedural statutes may be made applicable to litigation instituted prior thereto

and not completed: Pope v. Penna. Threshermen & Farmers' Mut. Cas. Co., 176 Pa. Superior Ct. 276, 107 A. 2d 191.

Under section 52, 46 PS §552,

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"(3) That the Legislature does not intend to violate the Constitution of the United States or of this Commonwealth."

Under the rule against construing a statute to be retroactive in the absence of clear intent to the contrary, no effect will be given a statute which destroys or impairs rights, particularly property rights, which were vested anterior to the time of the enactment of the statute, even though the statute operates upon events taking place in the future: Com. ex rel. Greenawalt v. Greenawalt, 347 Pa. 510, 32 A. 2d 757.

A statute which operates retroactively and which destroys or impairs vested rights is unconstitutional: Anderson v. Sunray Elec., Inc., 173 Pa. Superior Ct. 566, 98 A. 2d 374.

Here the authority is obliged under the old law to pay only certain damages. Since under article VI of the new code it could be required to pay other and additional damages, the application of that article to this condemnation would be unconstitutional.

We are satisfied that article VI does not apply here, and we enter the following

## ORDER

Now, November 18, 1964, at 4 p.m., the rule to show cause why the condemnation of defendant's property shall not be processed under the Eminent Domain Code of 1964 is discharged.