Lawrence J. **KUHNE**

v.

**UNITED STATES of America and United States Fidelity and Guaranty Company.**

**Civ. A. No. 5317.**

United States District Court
E. D. Tennessee, N. D.

Dec. 6, 1965.

Bernstein, Dougherty & Susano, Knoxville, Tenn., for plaintiff.

Hodges, Doughty & Carson, Knoxville, Tenn., for U. S. Fidelity and Guaranty Co.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., G. Wilson Horde, Asst. U. S. Atty., Knoxville, Tenn., for United States.

ROBERT L. TAYLOR, Chief Judge.

The plaintiff was an electrical engineer who became incapacitated in May, 1965 after several years of accelerating tiredness, exhaustion, slowness of gait, collapses, etc. Subsequently, his eyesight failed and he developed cataracts. His condition was subsequently diagnosed as myelofibrosis-myeloid metaplasia.

Plaintiff worked in Oak Ridge during the years 1943–1945 for the Tennessee Eastman Company and terminated his employment there shortly after the War. During this period in Oak Ridge, plaintiff alleged that he was repeatedly exposed to radiation, but that he has never been exposed to radiation in the years since he left Oak Ridge.

He has brought two lawsuits, one against United States Fidelity and Guaranty Company, which was the Eastman Company's insurer for workmen's compensation benefits for total disability caused by exposure to radiation at Oak Ridge, and the other, a suit against the United States under the Federal Tort Claims Act for negligence in connection with his exposure to radiation.

The insurance company has filed a motion to dismiss the complaint or in the alternative to drop the defendant insurance company as defendant on the ground that the occupational disease section of the Workmen's Compensation Act was not enacted and not part of the statute until March 12, 1947, and, therefore, since the statute was not in existence during plaintiff's employment there is no cause of action.

The Government has filed a motion for summary judgment, or in the alternative for dismissal, on the ground that a suit under the Federal Tort Claims Act must be brought within two years or be barred. It set up as a further ground laches on the part of the plaintiff since suit was brought five years after the medical diagnosis. It set up the further ground that the acts complained of involved a discretionary function. Further, that plaintiff's work was not extrahazardous and that the Government could not be charged with the negligence of an independent contractor. Further, that 50 T.C.A. 403, prohibiting an employer from creating a condition found to be injurious to the health of those employed therein, was not applicable to it.

Defendant insurance company has called attention to the language of the Workmen's Compensation statute dealing with occupational diseases. The first statute incorporating occupational diseases in workmen's compensation law was passed in 1950 and is found in 50 T.C.A. 1101. This statute was amended in 1959 to cover "Beryllium and heavy metal poisoning and diseases or conditions caused by exposure to ionizing radiation from sources inside or outside the body. Heavy metals as used in this paragraph shall include all elements (or compounds thereof) with an atomic number of 80 or above."

At the same time that the statute of 1950 was passed, another section found in 50 T.C.A. 1102 was enacted, which is:

"50–1102. *Law not retroactive beyond March 12, 1947.*—An occupational disease which an employee had on March 12, 1947, shall not be covered hereunder. An employee has an occupational disease within the meaning of this law if the disease or condition has developed to such an extent that it can be diagnosed as an occupational disease. In every suit for compensation benefits, the burden shall be on the employee to prove that he did not have, as of the said date, the occupational disease for which he is seeking compensation."

It will be noted that the first sentence of this section reads as follows: "An occupational disease which an employee had on March 12, 1947, shall not be covered hereunder." Defendant insurance company argues in its brief that under this provision of the statute, plaintiff has no standing to sue because his employment at Oak Ridge terminated nearly two years prior to the date of March 12, 1947. In this connection, it should be noted that in the complaint plaintiff said that he had not been exposed to radiation after leaving the employment of the Eastman Company in 1945.

Defendant relies upon the case of McClung v. National Carbon Company, 190 Tenn. 202, 228 S.W.2d 488, and asserts that the facts of the McClung case are on all fours with those alleged here. In that case, the petitioner had been an employee of the National Carbon Company for many years prior to February 8, 1947, at which time he quit work because of ill health. The Court said:

"* * * By Chapter 139, Public Acts of 1947, the Legislature amended the Workmen's Compensation Law so as to afford compensation to an employee for occupational diseases. The Act provides under subsection (d) of Section 1 as follows: 'Injury and personal injury shall mean any injury by accident arising out of and in the course of employment and shall include certain occupational diseases arising out of and in the course of employment * * *.'

"The amendatory Act provides that the effective date shall be March 12, 1947.

"The proof shows that petitioner did not work for defendant after February 8, 1947, or more than a month prior to the effective date of the amendatory Act. * * *"

The Court concluded:

"Where it appears that an occupational disease was contracted before the effective date of the amendment, i. e., March 12, 1947, and the employee severed his connection with the employer before that date, there can be no recovery of benefits under the amendatory Act."

In our case, plaintiff alleges that his employment terminated in 1945 and that thereafter he was not exposed to radiation. Therefore, if the disease which he complained of twenty years later falls within the language of the Act (and it appears that it would), it would have had, under plaintiff's allegations, to have been contracted some time during the years 1943–1945 and prior to the effective date of the amendment, March 12, 1947. Under this case, we do not see how plaintiff has any standing against this defendant.

The McClung case is supported by the decision of the Tennessee Supreme Court in E. I. DuPont DeNemours & Company v. Johnson, 212 Tenn. 123, 368 S.W.2d 295, where it appeared that plaintiff contracted a form of dermatitis which was exacerbated when he came in contact with certain substances. The Court said:

" * * * The permanent disabling factor of petitioner's occupational disease, which is his inability to come in contact with certain substances without an exacerbation of his dermatitis, has been present since prior to March 12, 1947 and is therefore not compensable under the Tennessee Workmen's Compensation Act. * * * "

See also: Greener v. E. I. DuPont DeNemours & Company, 188 Tenn. 303, 219 S.W.2d 185, where the Supreme Court affirmed a finding of the trial judge that plaintiff suffered with a disease before the effective date of the amendatory Act. See also, Cropley v. Alaska Juneau Gold Mining Company, 131 F.Supp. 34, 15 Alaska 531 (D.C.Alaska.)

Housley v. American Mut. Liability Ins. Co., 197 Tenn. 38, 270 S.W.2d 349, differs on the facts, the Supreme Court pointing out that the evidence sustained the Chancellor's finding that silicosis could not have been diagnosed prior to effective date of the occupational disease act.

We must conclude that the motion of the defendant insurance company is well grounded and that the cause must be dismissed as to it.

■ As to the Government, it appears that the Government's motion raises the same questions dealt with by this Court in Mahoney v. United States, 220 F.Supp. 823, and that if the disease were not diagnosed until 1965 and if plaintiff should prove negligence on the part of the Government, he would be entitled to recover.

In stating this, the Court is aware that the statute of limitations for tort claims is two years and that any negligence plaintiff might seek to prove must have occurred over twenty years earlier. However, in Rahn v. United States, 222 F.Supp. 775 (D.C.Ga.), the Court noted that the statute of limitations could be tolled by concealment of facts on the part of a physician. It would seem that if plaintiff did not know and could not have known the disease that he had until 1965, the statute would be tolled until that fact became known.

The Government has cited the case of Blaber v. United States, D.C., 212 F.Supp. 95, in which the Court took a somewhat different view from that which this Court took in the Mahoney case. Although there was an independent contractor in both cases, this Court held in view of the mischievous nature of radioactive materials that the Government had a responsibility to see that care was taken by the independent contractor in procedures for its processing. The present complaint appears to be sufficient to raise questions of fact for determination by the Court at the trial.

The motion of the Government is denied and the motion of the United States Fidelity and Guaranty Company is sustained.