Mathis *v.* J. L. Forrest & Sons.

*(Knoxville,* September Term, 1948.)

Opinion filed January 17, 1949.

L. D. L'HEUREUX, of Chattanooga, for plaintiff in error.

FINLAY & CAMPBELL, of Chattanooga, for defendants in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a Workmen's Compensation case. The trial judge dismissed the petition on the ground that the injuries complained of had not diminished petitioner's earning capacity.

On September 3, 1946, petitioner's back was injured when he fell off the roof of a building. He was paid temporary total disability until about December 20, 1946. At that time he resumed light work for the defendants at $31 per week and was paid $18 per week compensation until March 8, 1947, after which time he was paid his regular wages of $65 per week and his compensation was stopped. Petitioner was paid the total sum of $468, and doctors' bills were paid for him amounting to $531.50.

On September 2, 1947, petitioner filed this suit in the circuit court of Hamilton County, to recover further compensation of the defendants. The trial judge found that petitioner had not lost his earning capacity within the meaning of the Workmen's Compensation Law, Code, sec. 6851 et seq., but had continued his carpenter work with no reduction in his wages up to within a few days of the time of the filing of this suit. There is material evidence to support this finding; therefore petitioner is not entitled to recover further compensation. In such a case, where there is material evidence to support the finding of the trial judge, this Court will not disturb the judgment below. *Milne* v. *Sanders,* 143 Tenn.

602, 228 S. W. 702; *Hedges-Walsh-Weidner Co.* v. *Haley*, 165 Tenn. 486, 55 S. W. (2d) 775.

In *Standard Surety & Casualty Co. of New York et al.* v. *Sloan*, 180 Tenn. 220, 224, 225, 173 S. W. (2d) 436, 437, 149 A. L. R. 407, this Court said:

" 'The general purpose of the Compensation Acts is to provide compensation for loss of earning power or capacity sustained by workmen through injuries in industry.' Schneider Vol. I, at p. 5. As said in *Devine's Case*, 236 Mass. 588, at page 592, 129 N. E. 414, at page 415, 'The general purpose of the Workmen's Compensation Act was to substitute in cases to which it is applicable, for common law or statutory rights of action and grounds of liability, a system of money payments *based upon the loss of wages* by way of relief,' etc. (Italics ours.) And see 71 Corpus Juris, p. 232, where it is said that, 'the Compensation Acts are based on a new theory of compensation, as distinguished from previously existing theories of damages,' etc., citing numerous cases. One may be physically injured and suffer damages, for which he could recover in an action of tort, but unless the injury to his person affects and diminishes his earning power, he can not recover an award under Compensation Acts.

"Subsection (c) of Code Section 68, as amended by Pub. Acts 1941, Chap. 90, sec. 5, deals with permanent partial disability and carries a schedule fixing the compensation to be paid for the loss of the various members of the body. The concluding paragraph of this subsection, as amended, reads:

" 'In all other cases of permanent partial disability not above enumerated the compensation shall be sixty per centum of the difference between the wage of the workman at the time of the injury and the wage he is

able to earn in his partially disabled condition subject to a maximum of eighteen dollars per week. Compensation shall continue during disability, not, however, beyond three hundred weeks. (Ib.; 1927, ch. 40.)' We have here a case of permanent partial disability as to which this paragraph applies, this being a case 'not above,' that is, in this subsection, 'enumerated'. The award provided for in such a case, is 'sixty per centum of the *difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition.*' The measure of the award is prescribed by the language we have italicized. If there is no 'difference,' then there can be no award of compensation.''

The assignments of error are overruled and the judgment of the lower court is affirmed.

All concur.