**T. E. LEONARD**

v.

**ATLAS POWDER COMPANY.**

Civ. No. 2390.

United States District Court
E. D. Tennessee, S. D.

April 24, 1956.

Folts, Brammer, Bishop & Thomas, Chattanooga, Tenn., for plaintiff.

Campbell & Campbell, Chattanooga, Tenn., for defendant.

DARR, Chief Judge.

The suit was instituted to recover under the Tennessee Workmen's Compensation Law, T.C.A. § 50–901 et seq., and jurisdiction is in this court by reason of diversity.

█ After a consideration of the facts and a review of the Tennessee statutes and decisions applicable to the issues, the Court concludes:

(1) The plaintiff received an accidental injury on or about October 23, 1953, arising out of and in the employment by defendant.

(2) The defendant had actual knowledge of the plaintiff's injury within the statutory time, which amounts to a waiver of written notice and entitled plaintiff to proceed under the Tennessee law.

(3) From the injury so received the plaintiff is entitled to 16 weeks temporary total disability at $28 per week; in addition, 30 per cent disability of 300 weeks at $28 per week; and in addition, within the statutory amount, all medical expense paid or owing accrued by virtue of the injuries.

If the amounts awarded cannot be adjusted by the attorneys for the parties, the Court will do so upon a hearing on the settlement of the judgment.

█ (4) The defendant is not entitled to any deduction from the plaintiff's award for any disability payments or insurance payments because these items were contemplated in the employment contract and are common to all the employees and thereby in the nature of compensation for work done.

█ (5) The defendant is not entitled to any deduction from plaintiff's award for any wages he may have earned after the injury because, under Tennessee law, the amount of his award is based upon the reduced capacity to work as might be reflected in the labor market for services he is able to perform or might reasonably be expected to perform.

Because he might earn as much or more for a temporary period has no bearing upon the value of his services in the open labor market.

Unless waived, proposed findings of fact and conclusions of law will be submitted and there will be a judgment in accord with this memorandum.