**William B. TINKER**

v.

**BESSEMER COAL, IRON & LAND COMPANY.**

**Civ. A. No. 4343.**

United States District Court
E. D. Tennessee, N. D.

Jan. 30, 1964.

Paul E. Parker, O'Neil, Jarvis, Parker & Williamson, Knoxville, Tenn., for plaintiff.

Louis C. Woolf, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

This action was filed to recover workmen's compensation benefits under the Workmen's Compensation Law of Tennessee.

Plaintiff worked for defendant from 1937 until 1957 in its coal mine and during that time contracted occupational diseases, including silicosis, emphysema, bilateral pulmonary fibrosis, pneumonosconiosis, anthracosis, and bronchitis.

The occupational disease, or anthracosis, was not diagnosed until September 1963 and notice was given the employer within 30 days as required by applicable statute. The occupational diseases mentioned were caused or aggravated by the plaintiff's exposure to dust, sand, silica, fumes and bad air in defendant's mine. These are the theories of the plaintiff in this case.

Plaintiff claims that he is permanently and totally disabled by reason of the foregoing troubles.

In response to those theories, the defendant denies that the plaintiff is suffering from an occupational disease and denies that there is any causal connection between his work and his present condition.

Defendant denies that plaintiff is suffering from a lung condition that renders him disabled within the meaning of the Workmen's Compensation Act.

In addition, defendant says that the first distinct manifestation of the plaintiff's disease was diagnosable as such more than 30 days prior to the date that

notice was given to the defendant in September 1963; that plaintiff had contracted whatever disease or diseases he may have within a year prior to the date suit was filed; that the nature and effect of the diseases were apparent to the plaintiff and could have been discovered by him by the exercise of reasonable diligence sometime during the last six years; and that plaintiff's action, therefore, is barred by the one year statute of limitations set out in TCA § 50–1108. That plaintiff failed to give notice in accordance with TCA § 50–1107 and is precluded from a recovery in this case.

The issues in this case are: Is the plaintiff disabled within the meaning of the Workmen's Compensation Law, and if so, is his disability connected with his work.

The answer to the first issue is yes. Plaintiff was examined by Dr. Swann on January 3, 1964. He complained of shortness of breath, which he said had existed since 1956 and which had grown worse. His physician in 1956 told him that his heart was involved and indicated that this was the cause of the shortness of his breath. His physician at that time was Dr. Diamond, of Oak Ridge.

The Court was advised by counsel during the trial that Dr. Diamond is a general practitioner and not a specialist in lung diseases.

Doctor Newman, who is a thoracic surgeon, told plaintiff in January 1963 that he had dust in his lungs. Dr. Newman did not find any defect in his heart. Dr. Swann was of the opinion that plaintiff's breathing was materially reduced because of his lung condition. He described his lung condition as (1) dust disease of the lungs and (2) emphysema, and placed his disability at 50 per cent because of his lung disease which he described as anthracosis, silicosis, meaning coal dust in the lungs.

The plaintiff testified that he was 44 years of age and the father of 18 children, and has an eighth or ninth grade education. He began to work in the Windrock Coal Mine when he was 17 years of age where he ran a tram car. His work was similar to that of his brother, James Luther Tinker, whose case has been heard here today.

Plaintiff first went to a doctor about his arthritis in 1956. He worked until December 1957 when he was hospitalized at Bethesda, Maryland due to the advanced stage of his arthritis and he has not worked since December 1957. His arthritis is under control at this time by the use of a drug. He was originally on three pills a day but these pills have now been cut to one and one-half per day. His doctor prescribes the pills each three months. The last time he was actually examined by a doctor for his arthritis was in 1958.

Plaintiff has smothering spells which were first noticed in 1956. At that time he went to Dr. Diamond for treatment and his condition was diagnosed by the doctor as an enlarged heart. Plaintiff was working in his garden last summer and was stricken with a coughing spell which developed into a smothering condition. Dr. Newman examined him in July 1963 when X-ray pictures were made of his chest. Dr. Newman told him that he had an occupational disease caused by dust from the coal mines. This was the first time he had any idea that he had silicosis. Up to that time he thought that he had lung cancer.

Plaintiff states that his lung condition is getting worse, that he cannot work or cannot do anything that involves exertion. He stated that his arthritis did not prevent him from working.

Plaintiff gave the 30 day notice to his employer after he was first advised of his silicosis.

Doctor Diamond testified by deposition. He examined this plaintiff on November 21, 1956 when he was suffering with arthritis. He examined and treated him during the years 1957, 1958 and 1959 for his arthritis and saw him when he was operated on by Dr. Nance for ulcers. He examined him also on June 24, 1960 at which time he complained of pain in his joints, and the doctor's

treatment was confined to arthritis until June 1963. Plaintiff has not worked since 1957. He never complained to Dr. Diamond of disability due to his lungs during all the period of treatment by that physician. Dr. Diamond was of the opinion that plaintiff was totally and permanently disabled by reason of arthritis. He is of the opinion that his arthritis at the present time is about the same as it was when he examined him in 1956.

Doctor Newman also testified by deposition. He examined the plaintiff on July 1, 1963 at which time plaintiff complained of shortness of breath and smothering spells. He stated that he first had difficulty in 1963 at which time he was told he had an enlarged heart. He was severely crippled by arthritis at the time of Dr. Newman's examination.

Doctor Newman found that he had pulmonary fibrosis (scarring of the lungs) and under certain conditions this can affect breathing; that he had signs of early emphysema but there was no advanced evidence of emphysema. Dr. Newman could not diagnose the disease as anthracosis or silicosis from the X-ray pictures but indicated that there was a strong probability that he suffers with this disease.

Doctor Newman was of the opinion that his arthritis disabled him in 1961 but that he was not disabled from silicosis; however, on cross examination he stated that he was of the opinion that more study should be made and more tests were necessary to determine whether or not his disability resulted from silicosis. He was of the opinion that the dust could have caused the fibrosis in the lungs, that it was more likely that the fibrosis came from the coal dust. He was of the opinion that the arthritis made him permanently and totally disabled, and he diagnosed the lung condition as pulmonary fibrosis.

Both sides appear to agree that the plaintiff is permanently and totally disabled for the performance of manual labor but they do not agree as to the cause.

Plaintiff claims that his lung condition is the cause of his disability rather than his arthritis. He is of the opinion that his arthritis is under control by the drug which he takes daily and if it were not for his lung condition he would be able to perform his duties as a coal miner.

Defendant disagrees. Defendant claims that his lung condition is in its early stages, if such condition exists, and that it does not prevent him from engaging in work. Defendant says, however, that his arthritis does make him permanently and totally disabled and that such condition has existed since 1957 when he quit work.

Defendant says that its position in that respect is strengthened by the fact that plaintiff has drawn social security at the rate of $254.00 per month since 1957 and that such benefits presumably had been paid to him by reason of his arthritic condition.

From the respective positions of the parties has emerged a legal question; namely, whether an employee is paid workmen's compensation on the basis of an injury to the body as a result of the disease or is he paid solely for loss of earning power caused by the disease. Plaintiff says that he is entitled to be paid as a matter of law for his injury irrespective of the reduction of his earning power. Defendant asserts that plaintiff is wrong in this respect, that workmen's compensation benefits are based solely on the reduction of earning power in plaintiff's case.

Strange as it may seem, this legal question was not brought to the attention of the Court until all of the evidence was heard and argument was heard.

The Court has examined carefully the pre-trial order to determine whether or not it had any notice of the question until the argument was made but can find no notice in the pre-trial order. If the Court had been advised of the question, briefs would have been requested.

The Court is of the tentative view that plaintiff's workmen's compensation benefits are derived from his injury rather

than the reduction of his earning power. This view finds some basis in the language of Justice Tomlinson in the case of Adams v. American Zinc Company of Tennessee, 205 Tenn. 189, 326 S.W.2d 425, at page 427. Justice Tomlinson stated that "it is injury from the disease, rather than the disease, which entitles an employee to compensation."

The proof shows that plaintiff was badly crippled from arthritis in 1957. As evidence of that fact he spent many days in the hospital at Bethesda, Maryland where he received expert treatment. Fortunately the doctors there, with the help of the doctors in Tennessee, improved his condition.

As indicated, the Court is of the view at this time that the benefits are based on injury to the body that resulted from disease rather than reduction in earning power but the Court will not decide this question with finality until it receives written briefs from the respective parties which will deal specifically with that question. Unless the brief of the defendant changes the views now held by the Court, the plaintiff will be awarded benefits on the basis of 50 per cent permanent and partial disability.

The Court, therefore, finds as a fact that plaintiff is 50 per cent permanently and partially disabled by reason of anthracosis, silicosis and that such disability arose out of and in the course of his employment in the Windrock Coal Mine of the defendant and that there is a causal connection between his work and his disability.

 The Court further finds, as previously indicated, that the plaintiff gave the notice of his occupational disease within 30 days after he knew of it and that he is not precluded from recovery by reason of the 30 day notice provision in the statute.

The Court further finds that plaintiff is not precluded from recovery by reason of the one year statute of limitations for the reason that he instituted suit in this Court within one year after he found out that he was suffering from the occupational disease. See Adams v. American Zinc Company of Tennessee, 326 S. W.2d 425.

The final issue is in the event plaintiff is entitled to recover, what is the amount of the benefits. As previously indicated the amount of his benefits are 50 per cent permanent partial disability unless the benefits are based on reduction in earning power as a matter of law, and if they are the plaintiff would not be entitled to recover on this basis if entitled to recover at all.

The parties will have ten days from date in which to furnish the Court a brief on the sole remaining question, namely, whether the benefits are based on injury that resulted to the body from the disease or whether they are based on the question of earning power.

\* \* \*

 Since the Court dictated the above portion of its opinion in the Courtroom at the conclusion of the trial, it has had an opportunity to make independent study of the legal question raised above and has had the benefit of the requested briefs. It has concluded on the authority of Leonard v. Atlas Powder Co., 152 F. Supp. 81 (D.C.Tenn.); Mathis v. J. L. Forrest & Sons, 188 Tenn. 128, 130, 216 S.W.2d 967; Smith v. Tennessee Furniture Industries, Inc., 369 S.W.2d 721, 729 (Supreme Court of Tennessee, July 15, 1963) that compensation is paid on the basis of loss of earning power. However, upon further review of the evidence, it concludes that there is proof in the record that plaintiff's arthritic condition has been substantially improved and that plaintiff may recover damages for loss of earning power on the basis of 45 per cent permanent partial disability resulting from anthracosis and silicosis. American Bridge Division, United States Steel Corp. v. McClung, 206 Tenn. 317, 333 S.W.2d 557.