**Robert M. LIVELY, Plaintiff-Appellee,**

v.

**CONSOLIDATION COAL COMPANY, Defendant-Appellant.**

**No. 18230.**

United States Court of Appeals Sixth Circuit.

Feb. 5, 1969.

W. Keith McCord, Knoxville, Tenn., Egerton, McAfee, Armstead & Davis, Knoxville, Tenn., of counsel, for appellant.

Paul E. Parker, Knoxville, Tenn., O'Neil, Jarvis, Parker & Williamson, Knoxville, Tenn., of counsel, for appellee.

Before O'SULLIVAN and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

O'SULLIVAN, Circuit Judge.

Consolidation Coal Company appeals from a judgment of the United States District Court for the Eastern District of Tennessee awarding to appellee, Robert M. Lively, disability benefits under Tennessee's Workmen's Compensation statute.

Lively had worked as a coal miner for thirty-one years and for appellant since 1961. In 1964 he suffered chest pains and, thinking he had heart trouble, consulted a Dr. William K. Rogers who diagnosed his condition as silicosis or occupational dust disease. Experiencing similar pains the following year, 1965, appellee went to Dr. Shelton E. Domm, Dr. Rogers' partner, who formulated the same diagnosis. Appellee testified that neither doctor advised him of the diagnosis. Each doctor testified that it was his practice to fully inform a patient of his diagnosis, but neither could specifically recall whether he had done so in the instance in question. It is undisputed, however, that each doctor advised ap-

pellee that he could return to work in the mines. Appellee testified that he continued to work with no ill effects until December, 1966, when he began to have difficulty breathing. Then an explosion in the mine on January 20, 1967, exposed him to cable smoke which increased his breathing difficulties. On January 25, he consulted Dr. William K. Swann who hospitalized him and on February 5, informed him that he had silicosis and should not return to coal mining. Appellee contends that this was his first knowledge that he had silicosis. Dr. Domm, who examined appellee again in June, 1967, agreed that he was totally disabled at that time.

Appellee instituted suit on February 20, 1967. The District Court found that appellee became disabled on February 5, 1967, when Dr. Swann advised him of his disease and recommended he not return to work. The Court awarded him compensation for an 85% permanent partial disability.

Appellant's sole contention on appeal is that the evidence established that appellee had notice of an occupational disease in 1964 and thus his suit is barred by the one-year statute of limitations provided in T.C.A. § 50–1108. Pertinently, it reads:

> 50–1108. Limitations.—The right to compensation for occupational disease shall be forever barred unless suit therefor is commenced within one (1) year after the beginning of the incapacity for work resulting from an occupational disease * * *."

This statute clearly states that it commences running at *"the beginning of the incapacity for work* resulting from an occupational disease." We agree with the District Judge's finding that appellee was not incapacitated for work in either 1964 or 1965. The doctors he then consulted advised that he could continue working with the sole restriction being that he should be re-examined in one year. He continued work without ill effects. The earliest that it could be argued that he was incapacitated was in December, 1966, when he first encoun-

tered shortness of breath—a symptom of silicosis—and occasionally had to pause while working to catch his breath. As this is less than one year prior to the date he brought suit—February 20, 1967 —the statute of limitations does not bar this action.

Appellant relies upon Adams v. American Zinc Co., 205 Tenn. 189, 326 S.W.2d 425 (1959). That case, however, may be distinguished in that claimant therein had a shortness of breath several years before bringing suit and testified that a physician advised him more than a year before the suit that he had silicosis and should "take it easy." Also in that case, the Circuit Judge—trier of the facts— found as a matter of fact that the employee "knew that he had a disabling occupational disease" for upwards of two years prior to commencing his action. The District Judge here found that plaintiff's earliest knowledge that he had an "incapacity to work resulting from an occupational disease" was less than a year prior to starting suit. This finding of the District Judge is not clearly erroneous and is amply supported by substantial evidence.

The Tennessee Court in *Adams,* supra, stated:

> " * * * our Courts hold that before the statute begins to run there must be knowledge upon the part of the employee, or knowledge that he should have had, that he has an occupational disease and that it has affected his capacity to work to a compensable extent." 205 Tenn. at 194, 326 S.W.2d at 427.

This standard was reaffirmed in Tennessee Products & Chemical Corp. v. Reeves, 220 Tenn. 148, 415 S.W.2d 118 (1967). See also Whitehead v. Holston Defense Corp., 205 Tenn. 326, 335, 326 S.W.2d 482 (1959); American Bridge Division, U. S. Steel Corp. v. McClung, 206 Tenn. 317, 333 S.W.2d 557 (1960); Tinker v. Bessemer Coal Co., 227 F. Supp. 710 (E.D.Tenn.1964).

The District Court had before it substantial evidence that appellee had no

knowledge of his silicosis until Dr. Swann informed him so on February 5, 1967. Drs. Domm and Rogers testified that it was their practice to inform all patients of their complete diagnosis but they could not remember whether they had specifically informed appellee. In all events, appellee encountered no difficulty in working prior to December, 1966. Appellee's suit was not barred by the one-year statute of limitations.

Judgment affirmed.