**Willis BRAY, Plaintiff-Appellee,**

v.

**CONSOLIDATION COAL COMPANY,**
**Defendant-Appellant.**

No. 18921.

United States Court of Appeals
Sixth Circuit.

Sept. 16, 1969.

W. Keith McCord, Knoxville, Tenn.,
Egerton, McAfee, Armistead & Davis,
Knoxville, Tenn., of counsel, for appel-
lant.

Paul E. Parker, Knoxville, Tenn.,
O'Neil, Jarvis, Parker & Williamson,
Knoxville, Tenn., of counsel, for appellee.

Before O'SULLIVAN, EDWARDS and
McCREE, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Consolidation Coal Company appeals
from a judgment of the United States
District Court for the Eastern District
of Tennessee which awarded disability
benefits under the Tennessee Workmen's

Compensation statute, T.C.A. § 50–901 et seq., to appellee, Willis Bray. The District Court's opinion is reported at 286 F.Supp. 1019 (E.D.Tenn.1968).

Bray, who was 51 years old at the time of injury, had worked as a coal miner since the age of eighteen. In December, 1963, while employed by appellant coal company, he encountered breathing difficulty and consulted his family physician, Dr. Smith, who referred him to a chest specialist, Dr. Swann, who diagnosed his condition as coal worker's pneumoconiosis (silicosis) and bronchitis. Bray testified, however, that neither doctor informed him of this diagnosis. They certified him fit to return to work in January, 1964. He continued working in the mines until September 11, 1967, when he was hospitalized by Dr. Swann who advised him for the first time that he had lung and heart disease—cor pulmonale—and should not return to work. The coal company was given written notice of Bray's disability on October 20, 1967. Bray brought suit on March 14, 1968, for medical expenses and disability benefits under the Tennessee Workmen's Compensation law. The District Court, as trier of the facts, found that Bray was 75% permanently and partially disabled and awarded benefits accordingly. The Court also awarded Bray medical expenses in the amount of $1,093.10.

We affirm.

The company alleges three basic grounds for appeal: 1) that plaintiff-appellee's right to recover benefits is barred by the one-year statute of limitations provided in T.C.A. § 50–1108; 2) that there is no evidence to support the Court's finding that appellee was entitled to a 75% permanent partial disability; and 3) that appellee is not entitled to recover medical expenses incurred prior to notifying the company and after refusing to be treated by a company-designated doctor.

### 1. *Statute of Limitations.*

■ T.C.A. § 50–1108 reads, in pertinent part, as follows:

"The right to compensation for occupational disease shall be forever barred unless suit therefor is commenced within one (1) year after the beginning of the incapacity for work resulting from an occupational disease * * *."

The Tennessee Supreme Court has held that "the beginning of the incapacity for work" of a claimant arises only when he becomes aware, or should have become aware, of his incapacity:

"[B]efore the statute begins to run there must be knowledge upon the part of the employee, or knowledge that he should have had, that he has an occupational disease and that it has affected his capacity to work to a compensable extent." Adams v. American Zinc Co., 205 Tenn. 189, 194, 326 S.W.2d 425, 427 (1959).

This rule has been reiterated in the recent cases of Christopher v. Consolidation Coal Co., Tenn., 440 S.W.2d 281, 285 (1969); Lively v. Consolidation Coal Co., 406 F.2d 523, 524 (6th Cir. 1969); and Wormsley v. Consolidation Coal Co., 408 F.2d 79, 83 (6th Cir. 1969).

The District Court heard substantial evidence that appellee had no knowledge that his disease was an occupational one or that it disabled him from carrying on his work in the mine until Dr. Swann so informed him in September of 1967. This was a finding of fact which, in our view, was not clearly erroneous. Rule 52(a), Fed.R.Civ.P. As appellee brought suit on March 14, 1968, his action was not barred by the one-year statute of limitations.

### 2. *Award of 75% permanent partial disability.*

■ Appellant alleges that appellee's disability was due to a heart condition not connected with or related to his lung disease or his employment. It is true that Dr. Swann, a Dr. Gilbertson, and Dr. Acker, a heart specialist, all acknowledged that appellee suffered from a heart condition in addition to a lung disorder, but we consider that the District Court took this into consideration in determin-

ing that appellee was 75% permanently and partially disabled as a result of his lung condition. The Court stated:

"One question that has arisen is to what part of this disability is attributable to the plaintiff's heart disease and what part to his lung disease. The doctors are not in agreement on this question. Dr. Acker was of the opinion that there was no causal connection between the lung disease and the heart disease. There is testimony that plaintiff probably had what is referred to as cor pulmonale (heart disease secondary to disease of the lungs). If Dr. Gilbertson was right in this diagnosis, and the Court believes that he was, this would indicate that there is a connection between the lung disease and the heart disease.

"In the opinion of the Court, and the Court finds that the plaintiff is entitled to recover for his lung disease, which was and is connected with his work in the coal mine, on a seventy-five per cent permanent partial disability. The Court fixes the disability at seventy-five per cent rather than one hundred per cent for the reason that a part of his trouble is due to the lung disease and the other part is due to heart disease." 286 F.Supp. at 1022.

The extent of disability is a question of fact and the trial court's findings are conclusive on appeal if supported by any substantial or material evidence. Armstrong v. Spears, 216 Tenn. 643, 652, 393 S.W.2d 729, 733 (1964). We hold that the District Court's findings are supported by substantial evidence and are not clearly erroneous. Rule 52(a), Fed. R.Civ.P.

### 3. *Medical expenses.*

Appellant argues that appellee is not entitled to medical expenses in the amount of $1,093.10 awarded him by the District Court because he failed to comply with T.C.A. §§ 50–1001 and 50–1004.

Section 50–1001 states that, "[T]he employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the provisions of the Workmen's Compensation Law from the date of the accident to the giving of such notice.    *    *    * " Section 50–1004 reads in relevant part:

"For not exceeding two (2) years after notice of injury, the employer or his agent shall furnish free of charge to the employee such medical and surgical treatment    *    *    * as ordered by the attending physician and hospitalization    *    *    * as may be reasonably required.    *    *    * [T]he employer shall designate a group of three (3) or more reputable physicians or surgeons    *    *    * from which the injured employee shall have the privilege of selecting the operating surgeon or the attending physician    *    *    *."

As appellee did not give the company written notice of his injury until October 20, 1967, the company alleges that it is not liable for medical expenses incurred prior to that date. The Supreme Court of Tennessee, however, in Charnes v. Burk, 205 Tenn. 371, 326 S.W.2d 657 (1959), awarded medical expenses to a claimant suffering from dermatitis where the expenses were incurred in the diagnosis of the disease before the claimant gave notice to his employer. The Court said:

"It seems that the petitioner's claim for compensation is occupational dermatitis, and his right to recover doctor and drug bills incident to the *diagnosis* and treatment of the disease are not barred for failure to give his employer notice of his having the disease within thirty days after the first distinct manifestation thereof    *    *    *." (Emphasis supplied.)    205 Tenn. at 374–375, 326 S.W.2d at 658.

See also Wormsley v. Consolidation Coal Co., 408 F.2d 79, 83–84 (6th Cir. 1969).

Judgment affirmed.