## Joe McCOY
### v.
### CONSOLIDATION COAL COMPANY.
### Civ. A. No. 6965.

United States District Court,
E. D. Tennessee, N. D.
July 22, 1970.

Paul E. Parker, O'Neil, Parker, Williamson & Jarvis, Knoxville, Tenn., for plaintiff.

John A. Walker, Jr., Egerton, McAfee, Armistead & Jarvis, Knoxville, Tenn., for defendant.

### OPINION

ROBERT L. TAYLOR, District Judge.

This is another case that was filed under the Tennessee Workmen's Compensation Law. Joe McCoy, plaintiff, is a man fifty years of age. He went to work as an underground coal miner when he was eighteen years of age and has worked continuously as such for thirty-two years. He describes his job as a roof bolter, meaning that he places bolts into the roof. He can neither read nor write.

Some five or six months ago, according to plaintiff's testimony, he began to have difficulty in breathing and at that time was examined by Dr. Hulen. Dr. Hulen told him that he was suffering with asthma. He was out from work two days and felt that he was better after receiving treatment from Dr. Hulen. After returning to work he stated that his condition worsened although he continued to work regularly and at intervals

overtime until the mine closed on March 31, 1970.

He worked, like so many of those other miners who had cases in this Court, when he was not able to work. He gave as a reason for working while having difficulty with breathing, family obligations. To put it bluntly, he stated, in effect, that he had to work to make a living for his family.

Plaintiff was examined by Dr. Swann in April, 1970. One of the unusual factors developed in these coal miner cases is the fact that the majority of them works until the mine closes and until some other unforeseen circumstance arises. The miner then goes to Dr. Swann, an eminent chest surgeon of Knoxville, for an examination. Invariably the laboratory tests and X-rays disclose a lung condition caused by the breathing of coal dust, rock dust, sand and silica dust. That was the case of Joe McCoy.

Doctor Swann put him into the hospital where he stayed until laboratory tests were completed and his condition evaluated. Dr. Swann first examined him on April 13, 1970. He diagnosed his disease as occupational lung disease or silicosis. He stated that the pulmonary function studies showed a reduction in breathing capacity of around 65 percent. Dr. London did not agree with Dr. Swann in his statement about the reduction in breathing capacity. Dr. London stated that his ventilatory function was probably normal although he had before him a hospital study which indicated that his breathing capacity was not normal.

This Court does not need the testimony of a physician to determine that this man has a respiratory condition that causes him to cough almost continuously. During this trial his testimony was interrupted frequently by his coughs. He also coughed frequently off of the witness stand. This man undoubtedly is suffering with lung trouble which from the stipulation and the evidence in the record is related to his occupation. It was stipulated that he worked in rock, coal, sand and silica dust.

Doctor Swann stated that his disability for coal mining was 100 percent and 50 percent to his body as a whole in work away from dust. He was making $34.00 a day when the mine closed or around $160.00 per week.

In the opinion of the Court, and the Court finds, that plaintiff's disability, which arose out of and in the course of his employment for the defendant Consolidation Coal Company, is 85 percent.

The question arises as to whether or not he is entitled to medical and hospitalization expenses incurred before he found out that he had an occupational disease.

In that connection, the Court finds that he did not know that he was suffering with an occupational disease until advised by Dr. Swann in April, 1970.

This Court held in a number of cases involving this same company that the employee was entitled to recover for his medical expense and hospital expense although the company had written the employee that he would have the privilege of selecting one of three physicians named in the letter from the employer. In those letters, the employer did not state that it would pay for the medical expenses. The letters indicated that it would not pay unless and until the question of liability had been determined in the courts.

The decision of the Supreme Court of Tennessee in the case of Consolidation Coal Company v. Pride, 452 S.W.2d 349 (1970), has caused this Court to reexamine its holdings in the cases of Wormsley v. Consolidation Coal Company, D. C., 278 F.Supp. 698 (1967), aff'd, 6 Cir., 408 F.2d 79 (1969) ; Bray v. Consolidation Coal Company, D.C., 286 F.Supp. 1019 (1968), aff'd 6 Cir., 416 F.2d 1 (1969), and Lively v. Consolidation Coal Company, D.C., 273 F.Supp. 357 (1967), aff'd 6 Cir., 406 F.2d 523 (1969).

Mr. Justice Creson in writing the opinion for the Court in the *Pride* case

neither discussed nor mentioned any of these cases although this Court has been faced with the problem over a period of some years. This Court in holding the company liable in those cases relied mainly upon the case of Charnes v. Burk, 205 Tenn. 371, 326 S.W.2d 657 (1959). The facts recited by the Court in the *Pride* case indicated that the employer had offered a physician to plaintiff which he refused to accept, or in any event, he chose a physician of his own selection.

It would seem that a sick person should always have the right to select his own physician and if the law is otherwise it should be changed.

The Court in the *Pride* case held that under those circumstances plaintiff was not entitled to recover hospital costs and medical expenses.

■ During this trial it was brought to the attention of the Court that the letter written on May 11, 1970 by the attorney for the defendant to the attorney for the plaintiff was different from the letters written in the previous cases tried in this Court. Defendant in this letter agreed to pay for the medical treatment received by the plaintiff from any of three named doctors. In the previous cases, Consolidation Coal Company did not agree to pay for medical treatment and in response to questioning by this Court counsel for the defendant had stated that Consolidation Coal Company would not pay for the medical treatment unless and until the question was finally determined in the courts. For this reason, the Court finds and holds that plaintiff is not entitled to recover any medical or hospital expenses incurred after May 11, 1970.

The Court further finds and holds that plaintiff is entitled to recover his medical and hospital expenses incurred before he knew that he was suffering with an occupational disease connected with his work for the defendant. What was said by the Court in the *Bunch* (Civil Action No. 6967) and *Lowe* (Civil Action No. 6966) cases on this subject is applicable to this case and is adopted by reference.

The Court interprets the *Pride* decision as relating to the particular facts that were involved in that case. There is nothing in the opinion, so far as this Court can determine, that overrules the decision in Charnes v. Burk, supra.

Let an order be presented in this case, as well as in the *Bunch* and *Lowe* cases.