Joe McCOY, Plaintiff-Appellee,

v.

CONSOLIDATION COAL COMPANY, Defendant-Appellant.

Arnold LOWE, Plaintiff-Appellee,

v.

CONSOLIDATION COAL COMPANY, Defendant-Appellant.

Clifford BUNCH, Plaintiff-Appellee,

v.

CONSOLIDATION COAL COMPANY, Defendant-Appellant.

Condra PHILLIPS, Plaintiff-Appellee,

v.

CONSOLIDATION COAL COMPANY, Defendant-Appellant.

Nos. 20907–20910.

United States Court of Appeals, Sixth Circuit.

May 21, 1971.

W. Keith McCord, Knoxville, Tenn., for appellant; Donald F. Paine, Knoxville, Tenn., on brief, Egerton, McAfee, Armistead, Davis & McCord, Knoxville, Tenn., of counsel.

Paul E. Parker, Knoxville, Tenn., on brief for appellee; O'Neil, Parker & Williamson, Knoxville, Tenn., of counsel.

Before PHILLIPS, Chief Judge, and CELEBREZZE and KENT, Circuit Judges.

## PER CURIAM.

These cases were filed by four former coal miners under the Tennessee Workmen's Compensation Act, T.C.A. § 50–901 et seq. The District Court found that each of them contracted occupational lung disease while in the employ of the coal company and entered judgments for permanent partial disability, 322 F. Supp. 71, 325 F.Supp. 1015. The coal company appeals.

Jurisdiction is based upon diversity of citizenship. Tennessee law controls.

The coal company contends in each case that (1) the District Court erred in failing to hold that the employee was barred from recovery by the statute of limitations and by his failure to give notice within thirty days; (2) that the District Judge was in error in overlooking or disregarding undisputed material evidence bearing upon determinative issues; and (3) that the District Court was in error in allowing the employee to recover medical expenses.

We hold that all of these contentions are without merit under the records in these cases. Consolidation Coal Co. v. Pride, Tenn., 452 S.W.2d 349; Charnes v. Burk, 205 Tenn. 371, 326 S.W.2d 657; Wilson v. Van Buren County, 196 Tenn. 487, 268 S.W.2d 363; Bray v. Consolidation Coal Co., D.C., 286 F.Supp. 1019, aff'd, 416 F.2d 1 (6th Cir.); Wormsley v. Consolidation Coal Co., 278 F.Supp. 698, aff'd, 408 F.2d 79 (6th Cir.); Lively v. Consolidation Coal Co., D.C., 273 F.Supp. 357, aff'd, 406 F. 2d 523 (6th Cir.).

Affirmed.